**Anna T. AVERSA, Petitioner,**

v.

**Frank AVERSA, Respondent.**

**No. A–11663.**

Supreme Court of Texas.

Oct. 26, 1966.

Rehearing Denied Nov. 23, 1966.

Trial court orders requiring support payments, entered under authority of articles 4639a and 4639a-1, like judgments for division of the estate of the parties entered under authority of article 4638, are strictly incidental to a judgment of divorce. As to jurisdiction of the court to review orders dividing the estate of the parties, see Cone v. Cone, 153 Tex. 149, 266 S.W.2d 860 (1954). Proceedings to modify such judgments of support are not independent suits but are a part of the original divorce suit. Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83 (1942).

Accordingly, we dismiss the application for writ of error for want of jurisdiction, without approving or disapproving the interpretation given article 4639a-1 by the court of civil appeals.

Robert P. Sims, San Antonio, for petitioner.

Southers & Mendelsohn, San Antonio, for respondent.

PER CURIAM.

This cause had its origin in a motion to modify a judgment in a divorce suit to require the movant's former husband to contribute to the support of his son who was over eighteen years of age but was alleged to be entitled to support under the provisions of article 4639a-1. See Tex.Civ.App., 405 S.W.2d 157.

Jurisdiction of this court to review the judgment of the court of civil appeals is asserted under subdivisions 3 and 6 of article 1728.[1] We do not have jurisdiction under either of those subdivisions if this is a case "of divorce" as to which jurisdiction of the courts of civil appeals is made final by article 1821. As to subdivision 3, see Longoria v. Longoria, 160 Tex. 134, 327 S.W.2d 453 (1959). We hold that it is a case of divorce.

---

1. All article references are to VERNON'S TEXAS CIVIL STATUTES.