**810**

Floyd F. GANI, Appellant,

v.

Edna Irene Barkett GANI, Appellee.

No. 8091.

Court of Civil Appeals of Texas, Texarkana.

Jan. 11, 1972.

Frank L. Supercinski, Longview, for appellant.

Sam B. Hall, Jr., Smith, Hall & Huffman, Marshall, for appellee.

RAY, Justice.

Appellee, Edna Irene Barkett Gani, filed her motion to dismiss appellant's appeal to this court on the basis that no final judgment had been entered by the District Court of Harrison County, Texas, in a change of child custody, child support and visitation matter. Upon examination of the order entered by District Judge John Furrh, it is clear that the court has not finally determined all of the matters in controversy. This court finds that the order entered by the trial court is an interlocutory order and as such is not subject to appeal. Goodman v. Goodman, 224 S.W. 207 (Tex.Civ.App. Texarkana, 1920); Frost v. Frost, 467 S.W.2d 683 (Tex.Civ.App. Texarkana, 1971).

The trial court in entering its order dated August 30, 1971, gave full faith and credit to the judgment of divorce entered by the 15th Judicial District Court of Lafayette Parish, Louisiana, and directed that appellant, Floyd F. Gani, pay the sum of $3,250.00 delinquent child support at the rate of $40.00 per month, and pay an additional One Hundred Dollars ($100.00) per month as current child support until the minor child, Gregory Floyd Gani, shall have reached the age of eighteen years.

The trial court continued the custody of the minor child with his mother, and granted temporary visitation rights until January 31, 1972, at which time the trial court will schedule another hearing to finally determine the visitation privileges of the father of the child. The court had allowed visitation privileges once each month for August through October, and two days

per month beginning in November, 1971, continuing through the month of January, 1972. The court provided the following:

"It is the further order of this Court that the above visitation privileges awarded to Floyd F. Gani shall be under the continuing control and supervision of the Court and that on January 31, 1972, the court will again schedule a hearing, to consider further visitation privileges if the facts appear to warrant the same."

It is now the settled law in Texas that a distinction exists between custody and visitation rights. Leithold v. Plass, 413 S.W. 2d 698 (Tex.Sup.1967). In the present case, the trial court determined the matter of child support and child custody, but has not finally determined the matter of visitation. Since support, custody and visitation were before the trial court and that court has determined only the first two (support and custody), but has not finally determined the visitation rights, the judgment entered by the trial court remains interlocutory until a final determination is made concerning the visitation privileges.

■ The record reflects that the trial court was testing the good faith actions and behavior of the visiting father, appellant, before making a final decree relative to visitation privileges. Because of the complexity of these matters and the bitterness and animosity often existing between divorced parents, we believe that the trial court should be given great latitude in determining the schedule of visitations with the minor child. However, we point out the admonitions in Frost v. Frost, supra, and state that the trial courts should use clear language indicating whether or not the order is temporary, and if so, the date that the temporary order will expire. In the present case, the trial court did indicate that the matter of visitation would be under the continuing control and supervision of the court until January 31, 1972, at which time the court would schedule a hearing concerning further visitation privileges. We therefore hold that the judg-

ment entered by the trial court is interlocutory because of its temporary nature, and that the judgment lacks sufficient finality to be appealable at this time. Under such circumstances, our jurisdiction is limited to dismissing the appeal.

The appeal is dismissed.