**Floyd F. GANI, Appellant,**

v.

**Edna Barkett GANI, Appellee.**

**No. 8119.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 28, 1972.

Rehearing Denied Dec. 27, 1972.

Frank Supercinski, Longview, for appellant.

Sam B. Hall, Jr., Hall & Huffman, Marshall, for appellee.

CHADICK, Chief Justice.

Floyd F. Gani and Edna Irene Barkett Gani, husband and wife, were divorced in the State of Louisiana in May, 1968. Their infant child, Gregory Floyd Gani, was by the divorce decree committed to the care, custody and control of the mother, subject to a general right of visitation in the father that would not interfere with the child's welfare, health and education. The father was ordered to pay the mother child support at the rate of $100.00 per month and a like amount as alimony.

In May, 1971, the father instituted an action against the mother in a District Court of Harrison County, Texas, praying that care, custody and control of the child be permanently awarded to him; and alternately, that visitation as scheduled in his pleadings be ordered. The mother's trial pleading, her first amended answer and cross-action, prayed that " * * * the petitioner be ordered to pay to Respondent the sum of $3,250.00 Dollars, representing the sums due to Respondent by petitioner,

for child support, and that in the alternative that the petitioner be held in contempt of Court for his failure and refusal to comply with the terms of said judgment; that the care, custody and control of said minor child, Gregory Floyd Gani, remain with the respondent, and that all relief sought by petitioner be denied, and that respondent recover all costs of suit in her behalf expended, and for general relief." On August 30, 1971, a judgment was entered. Such judgment was later determined to be interlocutory and an appeal therefrom was dismissed. Gani v. Gani, 475 S.W.2d 810 (Tex.Civ.App.Texarkana 1972, no writ). An amendment to the August 30, 1971, judgment was signed and entered on the 5th day of January, 1972. Thereafter, on May 8, 1972, following hearing on the issues a judgment was entered in the trial court which is the subject of this appeal.

The judgment here for review contains orders relative to custody, visitation, and support. For the purpose of the ensuing discussion the following is quoted from the order:

" * * * The Court does order that beginning on the 2nd day of April, 1972, and continuing until further order of this Court the Petitioner, Floyd F. Gani, is to have visitation rights with Gregory Floyd Gani at any reasonable place on Sunday of the first and third weekends of every month from 9 o'clock A.M. until 4:30 P.M. Beginning on the first Sunday in July 1972, and to continue each July thereafter until further order of the court, the Court orders that Petitioner Floyd F. Gani is to have visitation with Gregory Floyd Gani at Petitioners residence, or any other reasonable place, from 10 A.M. the first Sunday in July until 5:00 P.M. on the second Sunday in July. On Thanksgiving 1972, the Court orders that Petitioner, Floyd F. Gani, have visitation with Gregory Floyd Gani at the residence of Petitioner, or any other reasonable place, from 3:00 to 4:00 P.M. the Wednesday next preceding Thanksgiving until 5 o'clock P.M. the following Sunday. At Christmas 1972, Gregory Floyd Gani is to remain with Respondent, Edna Irene Barkett Gani. Beginning Easter 1973, the Court orders that Petitioner, Floyd F. Gani, is to have visitation with Gregory Floyd Gani from the Friday next preceding Easter day until the afternoon of Easter day and to continue each Easter thereafter until further order of this court. Beginning in 1973, Respondent, Edna Irene Barkett Gani, will have visitation with Gregory Floyd Gani one week during Thanksgiving 1973 and the Petitioner, Floyd F. Gani, is to have visitation with Gregory Floyd Gani one week during Christmas 1973, and each year thereafter, the Petitioner and the Respondent are to alternate Christmas and Thanksgiving for their respective visitation periods with Gregory Floyd Gani for said holiday seasons. *In the event the Petitioner and Respondent are unable to agree upon the hours and dates of visitation during Easter, Christmas, and Thanksgiving, as set out above, the court will order the exact hour and dates of visitation.*

"All visitation awarded to Petitioner, Floyd F. Gani, is permanent and shall take place until further order of the Court unless ten days before each heretofore awarded visitation period the Court receives a written report from Dr. Lake Littlejohn, a Psychiatrist, of Marshall, Texas, indicating that it is not in the best interest of Gregory Floyd Gani to be separated from Respondent. In the event Respondent solicits the services of Dr. Littlejohn on behalf of Gregory Floyd Gani, she is to notify Petitioner of her intention to do so at the time she requests such services, and both Petitioner and Respondent, at the option of Dr. Lake Littlejohn, are subject to interview and psychiatric examination by him. *In the event the court receives said report detrimental to the best interests of Gregory Floyd Gani, the Court will schedule a hearing to give the matter of Petitioner's visitation with Gregory*

*Floyd Gani further consideration.* All costs of the services of Dr. Lake Littlejohn are to be paid by Petitioner. * * *" (emphasis added.)

The judgment expressly reserves for subsequent determination the full scope of visitation that will be allowed should two specified events thereafter occur and is not a final appealable judgment. In Wagner v. Warnach, 156 Tex. 334, 295 S.W.2d 890 (Tex.Sup.1956), Chief Justice Hickman said:

"To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy."

It is said in 1 Freeman on Judgments, Sec. 38:

"A final decree is one which disposes of the cause, either by sending it out of the court before a hearing is had on the merits, or after a hearing on the merits, decreeing either in favor of or against the prayer of the bill. *But no order or decree which does not preclude further proceedings in the case in the court below should be considered final.* The general rule as deducible from the authorities, is that if anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the judgment is interlocutory only. A judgment or decree which fails to determine all the equities or leaves something more to be done than the mere execution is interlocutory." (Emphasis added)

The judgment herein will be measured by the rule these authorities exemplify. The language first emphasized in the extract from the judgment quoted above requires the petitioner and respondent to agree upon visitation hours and dates during Easter, Christmas and Thanksgiving, and if they disagree, the court reserves authority to make an order fixing the exact dates and hours. This provision of the decree implied that the court retained control of the judgment for the purpose stated. The language next emphasized in the decree does not pronounce a final judgment either; rather it clearly shows that the court retained control of the judgment to give the question of visitation further consideration in the event Dr. Lake Littlejohn filed a report that the visitation theretofore ordered was detrimental to the best interest of Gregory Floyd Gani. The judgment contemplated that a reconsideration hearing would be scheduled upon receipt of a report indicating the visitation allowed was detrimental without regard to further pleading or action by the parties. Clearly the judgment entered is conditioned upon the nonoccurrence of the events specified and does not preclude further judicial action in the case; it is interlocutory in nature.

The appeal must be dismissed because the judgment is not final and it is so ordered.