**Floyd F. GANI, Petitioner,**

**v.**

**Edna Irene Barkett GANI, Respondent.**

**No. B–3830.**

Supreme Court of Texas.

May 30, 1973.

Frank L. Supercinski, Longview, for petitioner.

Smith, Hall & Huffman, Sam B. Hall, Jr., Marshall, for respondent.

PER CURIAM.

This appeal is from a judgment which denied a change of child custody and which set forth various provisions relating to visitation rights and child support payments.

Floyd F. Gani and Edna Irene Barkett Gani were divorced by a decree from a Louisiana court in 1968. The Louisiana decree provided that Edna Gani would have custody of their child, Gregory Floyd Gani, and that Floyd Gani would have the right of reasonable visitation.

In May, 1971, Petitioner filed this suit in the district court of Harrison County alleging that a material change of conditions affecting the best interests of the child had occurred since the date of the Louisiana decree. Petitioner prayed that he be granted permanent custody of the child and, alternatively, that he be granted certain specific visitation rights. Respondent filed a cross action in which she prayed that Floyd Gani be ordered to pay child support which was due under the Louisiana decree and, alternatively, that Floyd Gani be held in contempt.

On May 8, 1972 the trial court rendered judgment that the custody of Gregory Floyd Gani remain in Edna Gani. The judgment set forth specific times and dates for Floyd Gani to visit with his son, and the judgment contained a schedule for the payment of the sum due under the Louisiana decree for child support.

Floyd Gani appealed. The court of civil appeals dismissed the appeal holding that the trial court's judgment was not final and therefore not appealable. 488 S.W.2d 901. We hold that the appeal was improperly dismissed.

Petitioner states that this court has jurisdiction of this appeal under § 6 of Art. 1728, Vernon's Ann.Tex.Rev.Civ.Stat., which provides that the Supreme Court shall have appellate jurisdiction in cases "in which it is made to appear that an error of substantive law has been committed by the Court of Civil Appeals which affects the judgment, but excluding those cases in which the jurisdiction of the Court of Civil Appeals is made final by statute." Respondent contends that this court has no jurisdiction of this appeal because of § 3 of Art. 1821, Tex.Rev.Civ.Stat., which provides that the judgment of the court of civil appeals is conclusive on the law and facts in all cases of divorce.

In support of her contention on the question of our jurisdiction of this appeal, Respondent cites as authority Aversa v. Aversa, 407 S.W.2d 769 (Tex.1966) and Quarles v. Quarles, 388 S.W.2d 926 (Tex. 1965). In *Aversa* the cause originated with a motion to require the movant's former husband to contribute to the support of a child. In dismissing the appeal for want of jurisdiction, the court held that an order requiring *child support payments* was strictly incidental to a judgment of divorce and was not an independent suit. The *Quarles* case was an appeal from a *divorce decree* which contained a custody provision. In dismissing that appeal for want of jurisdiction, the court held that the case came within § 3 of Art. 1821, Tex.Rev.Civ.Stat., because that custody award was an integral part of the divorce case.

The *Aversa* and *Quarles* decisions clearly do not control the question of our jurisdiction in this case. This action was initiated by a new suit which was independent of the divorce decree. It was brought for the primary purpose of changing the custody provision contained in the divorce decree because of an alleged change of conditions since the date of that former decree. See Longoria v. Longoria, 160 Tex. 134, 327 S.W.2d 453 (1959). This is not a case of divorce, and this court has jurisdiction of the appeal under § 6 of Art. 1728, Tex.Rev.Civ.Stat.

The court of civil appeals held that the trial court's judgment was not a final judgment because, by its terms, control of the judgment was retained by the trial court. That holding was based on the following provisions of the trial court's judgment:

"*In the event* the Petitioner and Respondent are unable to agree upon the hours and dates of visitation during Easter, Christmas, and Thanksgiving, as set out above, the court will order the exact hour and dates of visitation.

\* \* \* \* \* \*

"*In the event* the court receives said report detrimental to the best iterests of Gregory Floyd Gani, the court will schedule a hearing to give the matter of Petitioner's visitation with Gregory Floyd Gani further consideration." [Emphasis added].

Petitioner urges that the trial court's judgment was final and appealable despite the above quoted provisions. We agree.

The trial court's judgment did not purport to reserve judgment on any aspect of the case then before the court. Instead, those provisions of the judgment, upon which the court of civil appeals determined the case, contemplated possible further action of the court upon a showing of conditions different from those existing at the time of the judgment. There was an adjudication as to custody, visitation and support based on the facts then before the court. The provisions quoted above amount to an attempt by the trial court to retain the power to readjudicate the issue of visitation.

In Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (1940), this court stated:

"Prior to the time that Article 4639a became effective it was the law of this State that a judgment in a divorce action awarding the custody of minor children

was a final judgment, and that notwithstanding the fact that the court entering same should have undertaken therein to retain exclusive jurisdiction to afterwards readjudicate and reaward such custody."

It was held that Art. 4639a, Tex.Rev.Civ. Stat., did not change the pre-existing law in this regard. On the question of finality of judgments, we see no reason for a distinction between provisions regarding custody and provisions, as in this case, regarding visitation.

We think the decision of the court of civil appeals in this case is in conflict with the opinion of this court in the *Lakey* case. The trial court's judgment in this case was a final judgment, and it was, therefore, appealable.[1]

The writ of error is granted. Pursuant to Rule 483, Tex.R.Civ.P., we reverse the judgment of the court of civil appeals without hearing argument, and we remand the case to the court of civil appeals for its consideration of the merits of the appeal.

1. For a further analysis of this question see Goodman v. Goodman, 236 S.W.2d 641 (Tex.Civ. App.1951, no writ).