Floyd F. GANI, Appellant,

v.

Edna Irene Barkett GANI, Appellee.

No. 8119.

Court of Civil Appeals of Texas, Texarkana.

Sept. 11, 1973.

Frank Supercinski, Longview, for appellant.

Sam B. Hall, Jr., Hall & Huffman, Marshall, for appellee.

CHADICK, Chief Justice.

A 1968 divorce decree of the 15th Judicial District Court, Lafayette Parish, State of Louisiana, terminated the marriage relationship between appellant, Floyd F. Gani and appellee, Edna Irene Barkett Gani, and provided for payment of alimony and child support to Mrs. Gani. Both principals in the case thereafter became residents of Texas. Mr. Gani filed a petition May 17, 1971, in a District Court of Harrison County, to readjudicate care, custody and control of nine year old Gregory Floyd Gani, the son of the principals, and for related purposes. Mrs. Gani responded to such pleadings with an answer and cross-action, which prompted further pleadings, motions, contempt proceedings, hearings, temporary orders, and a final judgment.

The course this litigation took in reaching present consideration is reported in 475 S. W.2d 810 (Tex.Civ.App. Texarkana 1972, no writ); 488 S.W.2d 901 (Tex.Civ.App. Texarkana 1972) and 495 S.W.2d 576 (Tex.Sup.1973). Mr. Gani has perfected an appeal from the judgment herein dated May 3, 1972.

The major problem to be resolved by the appeal is set up by Mr. Gani's second point of error, viz.: "The trial court erred in making petitioner's legal rights of visitation with his minor son contingent upon, or subject to, the payment of past due and present child support by the petitioner." The May 3 judgment contains this paragraph, to-wit:

"It is the order of the court that the visitation privileges afforded Floyd F. Gani under this decree are contingent upon his compliance with the Court's order to pay the sums into the registry of the court as indicated by this order, and further the court finds and orders that in the event that Floyd F. Gani does not pay the sum of $140.00 per month as ordered in this decree, that he shall not have the right of visitation privileges as set out in this order."

In earlier paragraphs the judgment granted Mr. Gani visiting privileges with his son, and ordered him to pay $140.00 monthly child support. The order provided that $40.00 of the monthly payment should be credited against an arrearage in child support of $3,250.00.

The trial court, it is apparent from the quotation, undertook to give the father an incentive for paying support. Fairly considered, the effect of the quoted paragraph was to withdraw, if the father failed to pay the support ordered, a privilege from the father which in an earlier paragraph the court had specifically granted him. The provision is coercive and effectively compelled the father to timely pay child support or forfeit the privilege of visitation. Child support orders are enforceable only by contempt proceed-

ings. Vernon's Tex.Rev.Civ.Stat.Anno. art. 4639a; Ex parte Hooks, 415 S.W.2d 166 (Tex.Sup.1967); Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957); Menner v. Ranford, 487 S.W.2d 698 (Tex.Sup. 1972). Failure to pay support as ordered, standing alone and unexplained, does not necessarily convict a father as unfit to have access to his son by visitation.

■■■■ The prevailing facts and circumstances govern the question of fitness. Under this record, hinging visitation upon payment of support is, in the absence of proof and findings of a rational relationship between nonpayment and unfitness, arbitrary and impermissible. An extended discussion is not required, but it may be pointed out that the court impliedly found that it was in the child's best interest that his father visit and associate with him. Association of parent and child is only to be denied when the facts show parental visitation is not in the child's best interest. Felker v. Felker, 216 S.W.2d 669 (Tex. Civ.App. Dallas 1948, n. r. e.); Futch v. Futch, 299 S.W. 289 (Tex.Civ.App. Fort Worth 1927, no writ); Liddell v. Liddell, 29 S.W.2d 868 (Tex.Civ.App. San Antonio 1930, no writ); Tuel v. Tuel, 252 S.W.2d 203 (Tex.Civ.App. Fort Worth 1952, no writ); Anderson v. Martin, 257 S.W.2d 347 (Tex.Civ.App. Amarillo 1953, n. r. e.); 20 T.J.2d Divorce and Separation, Sec. 333, 334; 24 Am.Jur.2d Divorce and Separation, Sec. 801, 802. For a comprehensive view of this problem see 88 A.L.R.2d 148 Anno., Divorce-Visitation Rights; 95 A.L. R.2d Anno., Child Custody-Visitation-Support. Appellant's second point of error is sustained.

It is not clear whether or not other points of error are now urged; if so, they are overruled. In Menner v. Ranford, supra, payment of arrearage in the support previously ordered was an issue as here. The question was settled by that case in harmony with the judgment here. Mr. Gani's supplemental brief, filed after the *Menner* decision, appears to shift emphasis entirely to the question discussed above.

Inclusion of the language in the judgment quoted in full above was a mistake and is operatively null and void. The trial court judgment is modified by striking such quoted language therefrom and as modified is affirmed.