John O. MacAYEAL, Appellant,

v.

Joan Johnson MacAYEAL, Appellee.

No. 5877.

Court of Civil Appeals of Texas, Waco.

Dec. 14, 1978.

John A. George, Dallas, for appellant.

Larry C. Roseborough, Roseborough & Curlee, Dallas, for appellee.

HALL, Justice.

Appellant John O. MacAyeal filed this suit on February 28, 1977, for reduction of his child support payments. Appellee Joan Johnson MacAyeal pleaded for increase of the child support and for other relief. After a hearing without a jury, the court found there had not been a material change of circumstances since the previous support order and, excepting a reduction of the amount of the support payments for two months, denied the relief sought by both parties. Appellant seeks reversal of the judgment asserting among other grounds that the finding of no change of circumstances affecting his ability to pay the ordered child support is against the great weight and preponderance of the evidence. We sustain that contention and reverse the judgment.

Appellant is a lawyer. He and appellee were divorced on January 2, 1975. At that time he was 47 years of age and appellee was 42. Upon their agreement at the time of divorce, custody of their six-year-old son was awarded to appellee, and appellant was ordered to pay $100.00 per week child support. Seven days after the divorce appellant collapsed and was hospitalized with leukemia and a ruptured spleen. Three surgical operations followed. Thereafter, for the year 1975, his law practice was on a part-time basis only. In October, 1975, he filed a motion for reduction of child support. By agreement of the parties at the time the motion was heard, appellant was ordered to pay $1,162.50 in lieu of then delinquent child support payments in the sum of $2,325.00; the prior support order

was set aside; and appellant was ordered to pay $200.00 per month child support from November 1, 1975, until January 1, 1977, and $400.00 per month thereafter. The order was signed February 23, 1976. The present motion sought modification of that order.

The judgment in question was signed on May 14, 1977, after a hearing on appellant's motion on April 25, 1977. Although the court found there had not been a material change of conditions since the prior judgment of February 23, 1976, the court reduced appellant's support payments to $200.00 for the months of May and June, 1977, and also forgave appellant for $900.00 arrearage under the former order.

We need not detail all the evidence. It shows a commendable relationship of cordiality between the divorced parties, that the primary concern of each is the best interests of their minor child, and that both desire to support their son commensurate with their abilities to do so. Although appellant's gross income for 1976 of $12,850.00 exceeded his total income for 1975 of $11,016.00, his undisputed net income for 1976 was $3,166.96. His necessary living expenses, which we believe reflect a bare subsistence level, substantially exceed that income. Additionally, appellant's physical condition has deteriorated and he is in need of additional surgery for conditions stemming from his prior physical problems. His law practice has suffered accordingly.

Appellee's income in 1976 in a new job as a real estate salesperson was $3,500.00. Her living expenses exceeded that income.

The trial court is given broad discretion in fixing child support payments, and in decreasing or increasing such payments, and a support order will be modified only where there has been a material change in circumstances. Nevertheless, it is elementary that questions of changed conditions and the amount of child support must be resolved upon the particular facts of each case.

Appellant's deteriorating physical condition and his need for further surgery, and his resulting inability to maintain a profitable law practice, reflect a material change of his financial circumstances since the prior support order. Too, "[w]hile in cases such as this where hardship is inevitable, the trial court may well determine that the brunt of the sacrifice must fall on the father, still he must be permitted to retain enough of his earnings to pay the necessary expense of living and earning a living. Any other order would be self-defeating and unenforceable. *Ex parte Gonzales,* 414 S.W.2d 656 (Tex.1967)." *Kominczak v. Kominczak,* 474 S.W.2d 749, 750 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ).

In the light of the entire record, the court's failure to find a material change of conditions affecting appellant's ability to pay the child support ordered in the prior judgment is against the great weight and preponderance of the evidence.

The judgment is reversed and this case is remanded for trial.