IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-136-CV





LARRY BRENT LEE AND DANA LEE,



 APPELLANTS


vs.





IRENE C. CUTLER AND WILLIAM CUTLER, SR.,



 APPELLEES



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. 87-0761, HONORABLE RAYMOND MORMINO, JUDGE PRESIDING



 




 This dispute centers on the effect of an order by a
retired judge in a custody battle between the parents and maternal
grandparents of two children. The parents appeal an order granting
the grandparents unsupervised visitation, asserting, among other
things, that the judge who entered the order was disqualified by
their timely objection to his assignment to the case. We set aside
the order of unsupervised visitation and remand this cause for
further proceedings.



BACKGROUND


 The question in this case is whether the parents'
objection to the assignment of the retired judge was timely and
turns on the characterization of a visitation order as "final" or
"temporary."

 In 1987, appellees filed a "suit affecting the parent
child relationship" (SAPCR), seeking managing conservatorship of
two of their grandchildren. See Tex. Fam. Code Ann. § 11.03(b)
(Supp. 1991) (providing for SAPCR by grandparents). Appellants,
the children's parents, opposed these efforts. The case was set
before a retired judge who was sitting by assignment.

 Pursuant to an agreement between the parties, the judge
signed an order on October 1, 1989, granting the grandparents
semimonthly, supervised visitation with the children. See Tex.
Fam. Code Ann. § 14.03(e) (Supp. 1991) (providing for grandparent
access to grandchildren). The order further states:



It is agreed and ordered that this visitation schedule
shall continue for a period of 90 days. It is agreed and
ordered that at the end of 90 days the parties will
informally review the agreed order to determine permanent
terms and conditions for possession of and access to the
children.


* * * *



It is agreed and ordered that subsequent to the review
meeting[,] grandparental access will be continued. If no
agreement is reached at that meeting, then the Court will
determine the final terms of possession of and access to
the children.



(Emphasis omitted.)

 Approximately 90 days after the settlement, the parties
met to review the visitation schedule. They could not, however,
agree on permanent terms. On November 16, 1989, the grandparents
filed a motion asking the court to set "final and permanent terms
of [their] possession of and access to the children."

 The November motion was set to be heard by the retired
judge. Before the hearing, the parents for the first time objected
to the judge's assignment to the case. Another judge overruled the
parents' objection. On January 1, 1990, the retired judge rendered
an order on the November motion granting the grandparents
unsupervised visitation with the children.

 The parents appeal the January 1990 order by eleven
points of error. The grandparents have not filed a reply brief. 
We will address only the parents' contention that their objection
disqualified the retired judge and, therefore, the January 1990
order is void.



DISCUSSION AND HOLDING


 The presiding judge of each of Texas' nine administrative
judicial regions may assign judges to hold court when necessary to
dispose of accumulated business in the region. Tex. Gov't Code
Ann. § 74.052 (1988). If a party to a civil case timely objects to
an assignment, the judge shall not hear the case. Id. § 74.053(b)
(Supp. 1991). An objection is timely if it is filed before the
first hearing over which the judge is to preside. Id. § 74.053(c).
(Supp. 1991). A timely objection disqualifies the judge as a
matter of law, and any judgment or order which a disqualified judge
enters is void. Lewis v. Leftwich, 775 S.W.2d 848, 851 (Tex. App.
1989, no writ); Curtis v. State, 762 S.W.2d 958, 960 (Tex. App.
1988, no writ).

 In this case, the parents' objection to the assignment of
the retired judge was timely if the October order was a "final
order" which terminated the original SAPCR proceeding. If so, the
November motion commenced a new proceeding, and the parents'
objection to the assignment of the retired judge, coming before the
first hearing in the new proceeding, was timely. The grandparents
contended in the trial court that the language in the October order
regarding visitation prevented it from being final. We disagree. 
 A judgment is final if it disposes of all parties and
issues before the court. Koepke v. Koepke, 732 S.W.2d 299, 300
(Tex. 1987). On the other hand, a judgment is interlocutory if it
expressly reserves issues for future determination. See Ault v.
Mulanax, 724 S.W.2d 824, 831 (Tex. App. 1986, no writ) (order
expressly reserved issues of child support, visitation, property
division and divorce); Kelley v. Kelley, 583 S.W.2d 671, 673 (Tex.
Civ. App. 1979, writ ref'd n.r.e.) (order expressly reserved issue
of permanent managing conservatorship); Campbell v. Campbell, 550
S.W.2d 164, 166 (Tex. Civ. App. 1977, no writ) (order expressly
reserved issue of child support). However, an order which disposes
of all issues and parties, but which contemplates future action, is
nonetheless final. See Gani v. Gani, 495 S.W.2d 576, 578 (Tex.
1973).

 Gani is very similar to this case. The order in Gani
stated:



In the event the Petitioner and Respondent are unable to
agree upon the hours and dates of visitation during
Easter, Christmas, and Thanksgiving, as set out above,
the court will order the exact hour and dates of
visitation.


* * *


In the event the court receives said report detrimental
to the best interests of [the child], the court will
schedule a hearing to give the matter of Petitioner's
visitation with [the child] further consideration.



Concluding that the order was interlocutory, the court of appeals
dismissed an appeal of the order for lack of jurisdiction. Gani v.
Gani, 488 S.W.2d 901 (Tex. Civ. App. 1972). The supreme court
reversed on the ground that the judgment was final. Gani, 495
S.W.2d at 578. In this regard, the supreme court noted that the
judgment did not purport to reserve determination of any aspect of
the case then before the court, but merely "contemplated possible
further action of the court upon a showing of conditions different
from those existing at the time of the judgment." Id.

 Similarly, the agreed order in this case, although it
"contemplates possible further action," disposes of all of the
issues and parties in the case. The agreed order expressly states
that "grandparental access will be continued" after the review
meeting. Thus, only the terms of access were subject to future
consideration. Moreover, the order is conditional only because it
contemplates further action if the parties cannot reach an
agreement. Accordingly, we hold that the October order is a final
judgment. See Beaupre v. Beaupre, 700 S.W.2d 353, 355 (Tex. App.
1985, writ dism'd) (court of appeals accepted jurisdiction in
custody case where final order provided for reevaluation of
visitation schedule).

 Because the October order was final, it terminated the
original SAPCR proceeding, and the grandparents' November motion
began a new proceeding. See Tex. Fam. Code Ann. § 11.03(e) (1986)
(providing for future action in SAPCR). Therefore, the parents'
objection to the assignment of the retired judge to hear the
November motion was timely, and disqualified the judge as a matter
of law. Consequently, the judge's January 1990 order is void.

 We sustain the parents' points of error one through four,
and set aside the January 1990 order as void. Because we resolve
this appeal on these grounds, it is unnecessary for us to consider
the parents' remaining points of error. See Tex. R. App. P. Ann.
90(a) (Pamph. 1990). We remand this cause for further proceedings
on the grandparents' November 16, 1989 motion.



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Order Set Aside and Cause Remanded

Filed: June 26, 1991

[Do Not Publish]