In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00241-CV

____________




IN THE INTEREST OF D.T.M. and A.M.M., CHILDREN







On Appeal from the 245th District Court 

Harris County, Texas

Trial Court Cause No. 1996-52075





O P I N I O N


 Appellant, Terrence R. Manning (Terrence), appeals an order modifying child
support in a suit affecting parent-child relationship. We address whether the trial
court abused its discretion by (1) placing unreasonable restrictions upon Terrence's
periods of possession with the children, (2) failing to reduce child support further, (3)
ordering Terrence to pay 100% of the travel expenses to exercise his periods of
possession, (4) ordering Terrence to pay 100% of the children's uninsured medical
expenses, (5) excluding evidence of Terrence's current income and expenses, and (6)
awarding attorney's fees to appellee, Linda Manning (Linda). We affirm.

Facts

 Terrence and Linda were divorced on March 4, 1998. The parties had two
children. The divorce decree designated Linda and Terrence as joint managing
conservators. The parties' domicile was restricted to Harris County until June 1,
1998, and, thereafter, Linda was given the exclusive right to determine the residence
of the children. Linda moved with the children to Marietta, Ohio in June, 1998. 

 At the time of the divorce, Terrence had been working at the Amoco
Production Company in Houston for nearly 17 years. He left Amoco in July 1998 to
join Sagemaker, Inc. After July, 1999, Terrence started his own internet company
called Marketplace Online, Inc. Linda had worked as a mechanical engineer during
the marriage, but, at the time of the divorce, she was not employed. After the divorce,
Linda was employed as a technical writer. Procedural Background

 Terrence filed a petition to modify the original divorce decree on November
30, 1998, requesting a decrease in his monthly child support payments, modification
of his possession periods, and reasonable attorney's fees. One month later, the trial
court, on its own motion, dismissed this suit by order dated December 30, 1998. 
Linda filed an answer on April 12, 1999 and, upon discovering that the suit had been
dismissed, filed a counter-petition to modify the original divorce decree on July 13,
1999 under the same cause number, requesting modification of Terrence's possession
periods. Terrence filed a counter-petition to modify the original divorce decree on
August 17, 1999, which was almost identical to his original petition to modify. The
parties participated in discovery, and the case went to trial on October 3, 2000. After
a bench trial, the trial court signed its order modifying the decree on December 4,
2000. 

 Under the divorce decree, Terrence had been required to pay $1,500 in monthly
support, 60% of travel expenses, 100% of insured medical expenses, and 50% of
uninsured medical expenses. Under the modification order, the trial ordered Terrence
to pay $1,000 in monthly support, 100% of travel expenses, and 100% of both insured
and uninsured medical expenses. Thus, in its modification order, the trial court
reduced Terrence's monthly support obligation by $500, but it increased his
obligations for both the children's travel expenses and uninsured medical expenses. 
 Terrence requested findings of fact and conclusions of law. (1) The trial court
entered findings of fact and conclusions of law. Terrence sought additional findings,
but the trial court did not make any. 

Standard of Review

 The best interest of the child is the court's primary consideration in
determining questions of managing conservatorship of, possession of, and support of
and access to a child. MacCallum v. MacCallum, 801 S.W.2d 579, 582 (Tex.
App.--Corpus Christi 1991, writ denied). Trial courts have wide discretion in
determining the best interest of the child. Roosth v. Roosth, 889 S.W.2d 445, 451
(Tex. App.--Houston [14th Dist.] 1994, writ denied). Because the trial court's
decision regarding child support for, visitation of, and possession of a child is a
discretionary function, we may reverse only if we conclude the trial court abused its
discretion. MacCallum, 801 S.W.2d at 582. 

 The test for abuse of discretion is whether the trial court acted without
reference to any guiding rules or principles. Id. No abuse of discretion occurs when
the trial court bases its decisions on conflicting evidence. Gray v. Gray, 971 S.W.2d
212, 214 (Tex. App.--Beaumont 1998, no pet.). As long as some evidence of a
substantive and probative character exists to support the trial court's decision, there
can be no abuse of discretion. Id. Legal and factual insufficiency are relevant factors
in assessing whether the trial court abused its discretion. Id. 


Restrictions on Possession

 In his first point of error, Terrence contends that the trial court abused its
discretion by placing unreasonable restrictions upon his periods of possession of and
access to the children. Terrence argues that some of the trial court's findings either
fail to find any support in the evidence or, if supported, do not rationally relate to or
justify the trial court's decision to deviate from the standard possession order. 

 Family Code section 153.313 sets forth the standard possession order regarding
minimum possession of a child whose parents reside over 100 miles apart. See Tex.
Fam. Code Ann. § 153.313 (Vernon 1996). A rebuttable presumption arises that the
standard order is in the best interest of the child. Id. § 153.252 (Vernon 1996). 
Although the trial court must be guided by the guidelines established by the standard
possession order, it may also consider the age, developmental status, circumstances,
and needs of the child, as well as any other relevant factors. Id. § 153.256 (Vernon
1996). If the trial court varies from the standard possession order, the court must, on
written request by a party, state in the order the specific reasons for variance from the
standard order. Id. § 153.258 (Vernon 1996). 

 Terrence specifically complains of the following non-standard restrictions
imposed by the trial court in its modification order: (1) limiting the children's
departure point to a single airport in Columbus, Ohio; (2) specifying that possession
begin and end at 6:00 p.m, thus limiting flights on which the children could be
scheduled for departure and arrival; (3) limiting the children's travel for visitation
outside their domicile to one time per month; and (4) requiring Terrence to surrender
the children to Linda in Houston, Texas for her summer weekend possession. 
Terrence also complains of the trial court's order disallowing his request for
expanded access to the children when Terrence visits their place of domicile. 
However, the standard possession order does not provide for expanded access when
a parent visits the children's domicile. See id. § 153.313. 

 Terrence complains that some of the trial court's findings are either
unsupported by the evidence or, if supported, do not rationally relate to the trial
court's decision to deviate from the standard possession order. (2) Further, Terrence 
cites Gani v. Gani to support his argument that some of these findings are
inappropriate because a court cannot condition a parent's visitation upon that parent's
payment of child support. See id., 500 S.W.2d 254, 255-56 (Tex. Civ.
App.--Texarkana 1973, no writ). 

 However, Terrence does not challenge other findings that rationally relate to,
and sufficiently support, the trial court's imposition of the complained-of restrictions
on Terrence's access to and possession of the children. (3) See Firefighters and Police
Officers Civil Serv. Comm'n of the City of Houston v. Herrera, 981 S.W.2d 728, 732
(Tex. App.--Houston [1st Dist.] 1998, pet. denied) ("Unchallenged findings are
binding on the parties and this Court"). These remaining unchallenged findings are
sufficient to support the trial court's variance from the standard possession order and
imposition of restrictions on Terrence's access to and possession of the children. See
id. We overrule a legal and factual sufficiency challenge to the evidence supporting
fact findings that underpin a legal conclusion or disposition when other fact findings
that also support that legal conclusion or disposition go unchallenged. See In the
Matter of L.R., 67 S.W.3d 332, 338-39 (Tex. App.--El Paso 2001, no pet.); In re
W.S., 899 S.W.2d 772, 775 (Tex. App.--Fort Worth 1995, no writ). 

 Based on these unchallenged findings, the trial court could have reasonably
concluded that it was in the best interest of the children to place restrictions on the
time for departure and arrival of the children's flights, the number of flights the
children should take per month, and the location in which Terrence should surrender
custody of the children. We hold the trial court did not abuse its discretion in
restricting Terrence's possession of and access to the children. 

 We overrule Terrence's first point of error. 

Exclusion of Evidence

 In his fifth point of error, Terrence argues the trial court abused its discretion
by excluding evidence of Terrence's current income and expenses, allegedly contrary
to Texas Family Code section 154.063. See Tex. Fam. Code Ann. § 154.063
(Vernon 1995). Linda replies that the trial court properly excluded this evidence
because Terrence failed to respond timely to her requests for production under the
Texas Rules of Civil Procedure. See Tex. R. Civ. P. 193.6. 

 To obtain reversal based on the erroneous exclusion of evidence, Terrence must
show that (1) the trial court erroneously excluded evidence, (2) the record shows what
evidence was excluded, (3) the excluded evidence was controlling on a material issue,
(4) the excluded evidence was not cumulative of other evidence, and (5) the error
probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1);
Williams Distrib. Co. v. Franklin, 898 S.W.2d 816, 817 (Tex. 1994). 

 At trial, Terrence sought to introduce certain evidence that allegedly served to
support his requested reduction in child support: (1) his 1999 tax return, showing his
gross income for 1999 was $89,076; (2) his financial statement; and (3) a summary
of his current pay stubs. Linda's counsel objected to the admission of this evidence
on the basis that the evidence had either not been produced in discovery or had not
been timely supplemented. The trial court excluded all of this evidence. 

 Section 154.063 directs the trial court to require the parties to furnish
information sufficient to identify their net resources and ability to pay accurately and
to produce copies of income tax returns for the past two years, a financial statement,
and current pay stubs. Tex. Fam. Code Ann. § 154.063. Terrence asserts Texas
Family Code section 154.063 trumps Rule 193.6, authorizing exclusion of evidence
when a party fails to respond to discovery timely. Contrary to Terrence's argument,
however, several courts have held that sanctions, which are mandated by the Texas
Rules of Civil Procedure for failing to provide timely information pursuant to proper
pre-trial discovery requests, bar the introduction of this information at trial. See
Brook v. Brook, 865 S.W.2d 166, 170 (Tex. App.--Corpus Christi 1993), aff'd, 881
S.W.2d 297 (Tex. 1994) (stating witness not timely disclosed cannot testify in suit
affecting parent-child relationship); Varner v. Howe, 860 S.W.2.d 458, 464 (Tex.
App.--El Paso 1993, no writ) (in child support modification case, holding that court
may impose sanctions under Texas Rules of Civil Procedure); Eason v. Eason, 860
S.W.2d 187, 189-90 (Tex. App.--Houston [14th Dist.] 1993, no writ) (holding court
may exclude evidence when party fails to respond to or supplement discovery
responses timely).

 To obtain a modification of his obligations under the divorce decree, Terrence
had the burden to show that there had been a material and substantial change of
circumstances of the children or a person affected by the order since the time the
decree was entered. See Tex. Fam. Code Ann. § 156.401 (Vernon 1996); Clark v.
Jamison, 874 S.W.2d 312, 317 (Tex. App.--Houston [14th Dist.] 1994, no writ). 
Here, Terrence had the burden to furnish timely information sufficient to identify his
resources and ability to pay child support accurately by timely responding to and
supplementing all of Linda's pre-trial discovery requests. See id. If the trial court
had allowed Terrence to admit evidence at trial that he had failed to produce on time
during discovery, Linda might not have been given enough time to investigate, attack,
or respond adequately to this evidence. Because he failed to comply with the Texas
Rules of Civil Procedure by timely responding to Linda's discovery requests, the trial
court properly excluded evidence of Terrence's financial status. (4) We hold that the
trial court did not abuse its discretion by excluding evidence of Terrence's financial
status. 

 We overrule Terrence's fifth point of error.

Child Support 

 In his second point of error, Terrence contends that the trial court abused its
discretion by failing to reduce child support by more than it did, taking into
consideration the alleged material and substantial change in circumstances. 
Specifically, Terrence complains of the trial court's reducing the monthly amount of
child support from $1,500 to only $1,000. Terrence complains the evidence is
factually and legally insufficient to support the trial court's findings relating to
Terrence's income made pursuant to Texas Family Code section 154.130. See Tex.
Fam. Code Ann. § 154.130 (Vernon 1996). 

 A trial court may modify a child support order if the circumstances have
materially and substantially changed. Id. § 156.401. The primary consideration is the
best interest of the child. See id. § 156.402(b) (Vernon Supp. 2002). The court
retains broad discretion in modifying a prior support order. McGuire v. McGuire, 4
S.W.3d 382, 387 (Tex. App.--Houston [1st Dist.] 1999, no pet.). The trial court is
required to make certain findings in its order. Tex. Fam. Code Ann. § 154.130.

 The trial court's modification order was based on findings that Terrence's
current monthly net pay was $6,000 and Linda's current monthly net pay was $2,500,
the same income findings the trial court had made at the time of the divorce. The
parties' income evidence at trial consisted of the following: (1) Terrence's 1998 tax
return and W-2 form, listing his salary for 1998 (the year of the divorce) as $148,000;
(2) Terrence's pay stubs from his internet company from January through the end of
August, 2000; (5) and (3) Linda's 1999 tax return. 

 A discussion among the attorneys and the trial court during the modification-order hearing shows that Linda had requested the following documents from Terrence
by her requests for production: (1) financial statements, (2) records of living
expenses, (3) records of income, and (4) bank statements. Except for the production
of his 1998 tax return and the year-2000 pay stubs from his company, Terrence failed
to produce any other income evidence until the day of trial. We have already held
that the trial court acted within its discretion in excluding the income evidence
Terrence offered at trial because Terrence failed to produce that evidence timely
during discovery. 

 Terrence had the burden of proving a material and substantial change in income
that would have justified the reduction he sought. See id. § 156.401. Terrence must,
therefore, show that he conclusively proved a change in his income sufficient to
justify that reduced amount of child support to attack the legal sufficiency of the trial
courts' findings on income and determination of monthly child support successfully. 
See id. § 156.401; Waste Disposal Ctr., Inc. v. Larson, 74 S.W.3d 578, 583 (Tex.
App.--Corpus Christi 2001, pet. filed) (holding that when party with burden of proof
at trial raises legal sufficiency challenge, verdict remains intact unless evidence
conclusively proves opposite of what jury found). To determine whether there had
been a material and substantial change in Terrence's income, the trial court was
required to review and consider Terrence's income tax returns for the past two years,
a financial statement, and current pay stubs. See Tex. Fam. Code Ann. § 154.063. 
Terrence timely produced only his current pay stubs; his own actions prevented him
from producing his income tax returns and financial statements. Thus, Terrence
furnished only part of the information that could have factored into the trial court's
determination of how much child support he should pay, although Linda requested
this information and Terrence had the opportunity to produce it.

 Terrence's year-2000 pay stubs from Marketplace Online, Inc. indicate he was
making less money per month than what he had made at the time of the divorce. 
However, as Linda's counsel pointed out during the modification hearing, Terrence
failed to produce any information, e.g., bank statements, tax returns, or financial
statements, relating to the net wealth of this company, in which Terrence owned an
interest. Specifically, because of his own actions, Terrence did not produce timely
the other types of income evidence generally required by section 154.063. Terrence
cannot complain that the trial court erred by failing to reduce his child support by
more than it did when he failed to produce timely other income information that could
have factored into the trial court's determination of net resources available to
Terrence. Based on what evidence Terrence could have offered, but for his own
failure to produce timely, the trial court could reasonably have found the evidence
Terrence did actually offer insufficient to show a material and substantial change in
circumstances justifying the need to reduce Terrence's monthly child support
obligation permanently in the amount Terrence requested. We hold that the trial court
did not abuse its discretion by failing to reduce Terrence's monthly child support
payments further than the $1,500-to-$1,000 reduction ordered.

 We overrule Terrence's second point of error.

Travel Expenses

 In his third point of error, Terrence argues that the trial court abused its
discretion by ordering him to pay 100% of the travel expenses to exercise his period
of possession, allegedly contrary to former section 156.303 of the Texas Family
Code. See Tex. Fam. Code Ann. § 156.303, repealed by Act of May 22, 2001, 77th
Leg., R.S., ch. 1289, § 12(2), 2001 Tex. Gen. Laws 3108, 3111. 

 Section 156.303--now repealed, but which applied at the time of the
modification order--provided that, if a change of residence resulted in increased
expenses for a party having possession of or access to a child, the court could render
appropriate orders to allocate those increased costs on a fair and equitable basis,
taking into account the cause of the increased costs and the best interests of the child. 
See id. The payment of the increased costs by the party who changed his residence
was rebuttably presumed to be in the best interest of the child. Id. § 156.303(b). 
Thus, the presumption was rebutted if the party whose residence was changed offered
some evidence that his payment of all increased costs would not be in the child's best
interest. See id. 

 In the divorce decree, the trial court had allocated travel expenses so that
Terrence paid 60% of the travel expenses and Linda paid the other 40%. In its
modification order, the trial court ordered Terrence to pay 100% of the travel
expenses. 

 Based on its finding that there was a significant disparity of income between
Terrence and Linda, the trial court could have concluded that Terrence was in a better
position to pay for all of the travel expenses. (6) The trial court made several findings
indicating that Terrence had abused his visitation privileges under the divorce decree
and could have determined that he should bear the entire responsibility of travel costs
because of this abuse. Further, the trial court appeared to offset Terrence's burden
of paying 100% of the travel expenses with a reduction in monthly support. 

 Given these findings, which sufficient evidence supports, we hold that the trial
court did not abuse its discretion by ordering Terrence to pay 100% of the travel
expenses. 

 We overrule Terrence's third point of error. 

Medical Expenses

 In his fourth point of error, Terrence argues that the trial court abused its
discretion by ordering him to pay 100% of the children's uninsured medical expenses
if the children's health insurance coverage was not geographically suitable. Terrence
challenges the lack of pleadings and the sufficiency of the evidence to support the
trial court's findings supporting its conclusion that he should pay all of the uninsured
medical expenses. 


 Lack of Pleadings


 Terrence argues that the trial court erred by increasing his obligation to pay the
children's uninsured medical expenses because neither party pled for this type of
relief. However, in his counter-petition, Terrence affirmatively pled for relief in the
form of a decrease in child support: 

 The circumstances of the children or of a person affected by the order or
portion of the decree providing for the support of the children have materially
and substantially changed since the rendition of the order to be modified, and
the support payments previously ordered should be decreased. The support
payments previously ordered are not in substantial compliance with the
guidelines in chapter 154, and the requested decrease would be in the best
interest of the child . . . . 


 Under chapter 154 of the Texas Family Code, medical expenses are included
within the definition of child support as a subcategory of child support. See Tex.
Fam. Code Ann. § 154.183 (Vernon 1996). Because Terrence requested a decrease
in child support payments, he put the entire category of child support at issue,
including medical expenses. Although Terrence requested only a reduction, rather
than an increase, in child support in his counter-petition, the trial court had broad
discretion to decrease or increase child support payments. See MacAyeal v.
MacAyeal, 575 S.W.2d 626, 627 (Tex. Civ. App.--Waco 1978, no writ); see also
Boriack v. Boriack, 541 S.W.2d 237, 242 (Tex. Civ. App.--Corpus Christi, writ
dism'd) ("In matters concerning the support and custody of children the paramount
concern of the court is the best interest of the children and the technical rules of
pleading and practice are of little importance."). Therefore, the trial court did not
abuse its discretion by increasing the amount of medical expenses payable by
Terrence for lack of more specific pleadings. 


 Sufficiency of the Evidence


 The trial court must order that health insurance be provided for the child. Id.
§ 154.182 (Vernon Supp. 2002). The trial court must allocate between the parties,
according to their circumstances, the reasonable and necessary health care expenses
of a child that are not reimbursed by health insurance as additional child support. Id.
§ 154.183 (Vernon 1996). A parent ordered to provide health insurance, but who
fails to do so, is liable for necessary medical expenses of the child without regard to
whether the expenses would have been paid if health insurance had been provided. 
Id. § 154.188 (Vernon Supp. 2002); see also Underwood v. Underwood, 902 S.W.2d
152, 155 (Tex. App.--Houston [1st Dist.] 1995, no writ).

 Under the divorce decree, Terrence and Linda were ordered each to pay 50%
of the uninsured medical expenses. However, under the modification order, the trial
court ordered Terrence to pay 100% of the uninsured medical expenses if he did not
provide the children with health insurance coverage in the city in which the children
resided. The trial court's modification was based on its finding that Terrence had
failed and refused to provide the children with medical coverage in Marietta, although
findings were not required on this issue. 

 The divorce decree ordered Terrence to provide the children with health
insurance under his employer's plan with Aetna. Linda testified at trial that she and
the children, who lived in Marietta, Ohio, did not live in the coverage area under
Terrence's Aetna health insurance plan. Terrence testified that Aetna has HMO
primary care in Marietta, but that Linda refused to pay for the P.P.O. option under the
Aetna plan, which would have allowed Linda to use Marietta as the site to treat the
children for routine health care. Further, Linda provided the trial court with a letter
from Aetna showing that Marietta was not one of the service areas under the
children's policy. 


 Section 154.183 leaves the issue of uncovered medical expenses to the
discretion of the trial court, and the court's decision will be disturbed only if it acted
without reference to guiding rules and principles. See Tex. Fam. Code Ann. §
154.183; MacCallum, 801 S.W.2d at 582. Here, Linda produced evidence that
Terrence had not provided the children with adequate health insurance coverage in
Marietta. This evidence supported the trial court's findings and order. We hold the
trial court did not abuse its discretion by ordering Terrence to pay 100% of the
medical expenses. 

 We overrule Terrence's fourth point of error. 

Attorney's fees

 In his sixth point of error, Terrence claims the trial court abused its discretion
by awarding attorney's fees in the amount of $6,000 to Linda because this award was
improperly influenced by the overall amount of fees to which Linda's counsel
testified, some fees of which were not recoverable. 

 The award of reasonable attorney's fees in a suit affecting the parent-child
relationship is within the sound discretion of the trial court. Nordstrom v. Nordstrom,
962 S.W.2d 575, 583 (Tex. App.--Houston [1st Dist.] 1997, pet. denied). Attorney's
fees may be awarded as necessaries to the child, even when the fees are incurred by
the unsuccessful party. Roosth v. Roosth, 889 S.W.2d 445, 455 (Tex. App.--Houston
[14th Dist.] 1994, writ denied). The award of attorney's fees must be supported by
the evidence. Thomas v. Thomas, 895 S.W.2d 895, 898 (Tex. App.--Waco 1995, no
writ). 

 At trial, Linda's counsel testified that Linda had incurred $14,500 in attorney's
fees through trial and would incur further fees if Terrence pursued an appeal. The
testimony of Linda's counsel was not controverted. In its modification order, the trial
court ordered Terrence to pay $6,000 of these fees. The trial court had discretion to
award fees equal to or less than Linda's actual expense. See Casterline v. Burden,
560 S.W.2d 499, 502 (Tex. Civ. App.--Dallas 1977, no writ). Further, because we
have overruled all of Terrence's previous points of error, Linda is entitled to
attorney's fees as the successful party. We hold the trial court did not abuse its
discretion by awarding Linda attorney's fees. 

 We overrule Terrence's sixth point of error. 








Conclusion


 We affirm the modification order of the trial court.





 Tim Taft


 Justice


Panel consists of Justices Taft, Alcala, and Price. (7)


Do not publish. Tex. R. App. P. 47.4.
1. See Tex. Fam. Code Ann. § 153.258 (Vernon 1996); Tex. R. Civ. P. 296.
2. These findings of which Terrence complains include the following: (1)
Terrence made derogatory statements about Linda to the children; (2) Terrence
refused to let the children have their own bedrooms; (3) Terrence denied Linda
telephone access to the children during his possession; (4) Terrence failed to
appear to pick up the children at school, forcing the children to ride the bus; (5)
Terrence failed to return the children's personal effects; (6) Terrence refused
to accept certified mail from Linda; (7) Terrence failed to provide the children
with medical coverage in the city in which they live; (8) Terrence did not
timely pay his child support; (9) Terrence threatened Linda after a wage-withholding order was served on his employer; (10) Terrence refused to
provide Linda with timely notice of the children's travel schedule; and (11)
Terrence returned the children late at the end of his period of possession
without any notification to Linda. 
3. These unchallenged findings include the following: (1) Terrence arranged the
children's air travel so that the children would arrive home at 2:30 a.m.
(supporting the trial court's order specifying that possession begin and end at
6:00 p.m. and the order limiting the children's travel for visitation outside their
domicile to one time per month); (2) Terrence arranged air travel for the
children so that the children had to depart at 6:20 a.m. (supporting the trial
court's order specifying that possession begin and end at 6:00 p.m. and the
order limiting the children's travel for visitation outside their domicile to one
time per month); (3) Terrence prevented Linda from exercising her summer
visitation in 1997, 1998, and 1999 (supporting the trial court's order requiring
Terrence to surrender the children to Linda in Houston, Texas for her summer
weekend possession); (4) Terrence made travel arrangements for the children
so that the children would arrive at the farthest of the three airports closest to
their residence (supporting the trial court's order limiting the children's travel
for visitation outside their domicile to one time per month); and (5) Terrence
changed the children's itinerary at the last minute (supporting the trial court's
order limiting the children's travel for visitation outside their domicile to one
time per month).
4. According to Terrence's 1999 tax return, which the trial court excluded, his
gross income for the year was $89,076. Even if this evidence had been
admitted and considered, his 1999 tax return showed he was grossing, on the
average, $7,423 per month. Under the current child support guidelines, which
presumptively apply when an obligor's monthly net resources are $6,000 or
less, Terrence would be required to pay 25% of his net income because he has
two children. See Tex. Fam. Code Ann. § 154.125 (Vernon 1996). Twenty-five percent of Terrence's gross income per month in 1999 would have
obligated him to pay $1,855.75 per month in child support. Terrence offered
no evidence of his net income in 1999, so we are unable to calculate what his
child support obligation would have presumptively been following these
guidelines. 
5. According to Terrence's pay stubs, Terrence made, on the average, $3,113.97
per month from January through mid-May, 2000. From mid-May through the
end of August, 2000, Terrence made an average of $1,781.73 per month. 
6. Terrence also argues Linda is underemployed because she was employed as a
technical writer, rather than an engineer. Terrence testified at trial that the
approximate salary for engineers with six to eight years of experience was
$45,000 to $70,000 and that there were several chemical and manufacturing
companies in the Marietta area providing opportunities for employment. Linda
testified she had been out of work for 10 years before taking a job in Marietta
as a technical writer and preferred this job because it provided the flexibility
for her to take time off for the children. The trial court, as fact-finder, is the
sole judge of the credibility of the witnesses and the weight to be afforded their
testimony. City of Alamo v. Cases, 960 S.W.2d 240, 255 (Tex. App.--Corpus
Christi 1998, pet. denied); S.W. Bell Media, Inc. v. Lyles, 825 S.W.2d 488, 493
(Tex. App.--Houston [1st Dist.] 1992, writ denied). As the sole trier of fact,
the trial court was entitled to give more weight to Linda's testimony than to
Terrence's. 
7. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.