Alan Farrell SEIDEL, Appellant,

v.

Leslie Romine SEIDEL, Appellee.

No. 05–98–01652–CV.

Court of Appeals of Texas, Dallas.

July 15, 1999.

**366**

Diana S. Friedman, McCurley, Kinser, McCurley & Nelson, Dallas, for Appellant.

Kevin R. Fuller, Koons Fuller & Vanden Eykel, P.C., Dallas, for Appellee.

Before Justices OVARD, JAMES, and BRIDGES.

## OPINION

Opinion By Justice JAMES.

Alan Farrell Seidel appeals the trial court's order signed August 10, 1998 modifying the terms and conditions of his final divorce decree. In his first point of error, appellant contends the trial court abused its discretion in modifying the domicile restrictions contained in the divorce decree. For the reasons stated below, we agree. Therefore, we sustain appellant's first point of error, reverse the trial court's judgment, and remand this cause to the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

Alan Farrell Seidel and Leslie Romine Seidel were divorced and a final divorce decree was entered on February 1, 1996. In accordance with the agreement of the parties, the divorce decree appointed Alan and Leslie as joint managing conservators of their two minor children. The divorce decree also contained the following provision:

> IT IS ORDERED AND DECREED that the domicile of the children shall be limited to Dallas County, Texas or Collin County, Texas, and LESLIE ROMINE SEIDEL is enjoined from removing the children from Dallas County, Texas or Collin County, Texas, for the purpose of changing the domicile until altered by further order of the court of continuing jurisdiction or the express written and notarized agreement of ALAN FARRELL SEIDEL.

In addition, the divorce decree granted judgment in favor of Leslie and against Alan "for $35,000 for attorney's fees incurred by her in obtaining the conservatorship and child support orders pertaining to the children the subject of this suit." The divorce decree further noted "this judgment is necessary to aid in LESLIE ROMINE SEIDEL's ability to support and care for the minor children." Leslie was also awarded a judgment against Alan

in the amount of $3000 "for unpaid expenses ordered to have been paid pursuant to the temporary orders in this suit," for a total monetary judgment award of $38,000.

Alan subsequently filed a motion to decrease his monthly child support payments. In response, Leslie filed an original answer and a "Counter–Petition to Modify Parent–Child Relationship." In paragraph six of the petition, Leslie requested the trial court lift the domicile restriction regarding the children's residence because the divorce decree had "become unworkable or inappropriate under existing circumstances...." The petition stated the requested modifications would "be a positive improvement for and in the best interest of the children."

In support of her request to lift the domicile restriction, Leslie testified the circumstances between herself and Alan had substantially changed since the divorce decree was entered. Leslie indicated she had financial reasons for requesting the trial court lift the domicile restrictions because Alan had failed to make any payments on the $38,000 judgment and his child support payments had been decreased. Although she had no immediate plans to move to California, Leslie testified her family members in that state could assist her in securing employment and caring for the children. Leslie also stated she could not afford to continue to appear in the trial court to litigate the issues arising from her divorce. Therefore, Leslie preferred to be able to relocate, if necessary to support herself and the children, without first appearing in the trial court to request permission. In addition, Leslie testified Alan would leave offensive telephone messages on her answering machine and would not cooperate with her in transporting the children to and from their respective residences and the children's extracurricular or school activities.

Alan testified he believed Leslie intended to move to California. Alan explained he contacted Leslie by telephone to discuss certain incidents of physical contact occurring between the children and Leslie's boyfriend, and Leslie responded to his inquiry using "[f]our-letter words." Alan also stated he had not restricted Leslie's ability to speak with the children by telephone when they were in his possession, as she had previously alleged during her testimony.

Following the hearing, the trial court entered a modification order [1] which included the following provision:

> ... the domicile of the children shall be restricted to Collin County, Texas and Dallas County, Texas, except that commencing on September 1, 1998, the above domicile restrictions shall not apply and shall be released during any period that there is a deficiency in the $38,000.00 in money judgments awarded to Leslie Romine Seidel pursuant to the terms of the Final Decree of Divorce dated February 1, 1996.... During any such deficiency, Leslie Romine Seidel may elect to establish domicile anywhere in the continental United States and once established, if established, the domicile restriction shall be forever lifted and no longer applicable.

Alan filed a motion for new trial in which he contended the trial court abused its discretion in signing the modification order. Specifically, Alan argued the evidence was legally and factually insufficient to support the trial court's finding the modification would be a positive improvement for and in the best interests of the children. Alan also complained the trial court erred in "linking the payment" of the $38,000 judgment "to a blanket release of the domicillary restriction...." [2]

---

**1.** In its modification order, the trial court also decreased the amount of child support Alan was to pay Leslie to $704.43 per month.

**2.** Because the record does not contain any indication the trial court ruled on the motion for new trial, we will assume the motion was overruled by operation of law. *See* TEX. R. APP. P. 33.1(b).

Alan further requested the trial court enter findings of fact and conclusions of law. In response, the trial court provided findings of fact as to the modifications of both Alan's child support payments and the terms and conditions of the joint managing conservatorship. Specifically with respect to the conservatorship provisions, the trial court found:

> [t]he circumstances of the children, and both of the parents has become unworkable or inappropriate under existing circumstances and a modification of the terms and conditions of this Court's prior order dated February 1, 1996, would be a positive improvement for and in the best interest of the children.

Alan thereafter timely perfected this appeal. In his first point of error, he contends the trial court abused its discretion in modifying the domicile restrictions contained in the divorce decree because: (1) there was no evidence the modification would be a positive improvement for and in the best interests of the children; and (2) the modification order conditioned continued enforcement of the domicile restrictions on the payment of the $38,000 judgment.

## STANDARD OF REVIEW

We review a trial court's decision to grant or deny a motion to modify a conservatorship order under an abuse of discretion standard. *See In re A.D.H. and S.J.H.*, 979 S.W.2d 445, 446 (Tex.App.-Beaumont 1998, no pet.); *Doyle v. Doyle*, 955 S.W.2d 478, 479 (Tex.App.-Austin 1997, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. *See A.D.H.*, 979 S.W.2d at 446 (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991)). "Under the abuse of discretion standard, legal and factual sufficiency of the evidence, although not independent grounds for asserting error, are relevant factors in assessing whether the trial court abused its discretion." *Id.* (cit-

ing *D.R. v. J.A.R.*, 894 S.W.2d 91, 95 (Tex. App.-Fort Worth 1995, writ denied)).

"Findings of fact entered in a case tried to a court are of the same force and dignity as a jury's verdict upon special issues." *Rapp Collins Worldwide, Inc. v. Mohr*, 982 S.W.2d 478, 481 (Tex.App.-Dallas 1998, no pet.). Therefore, we apply the same standards in reviewing the legal and factual sufficiency of the evidence supporting the trial court's fact findings as we do when reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a special issue. *See id.*

In reviewing the legal sufficiency of the evidence, we view the evidence in a light most favorable to the finding, considering only the evidence and inferences that support the finding, and disregarding all evidence and inferences to the contrary. *See id.* We will uphold the trial court's finding if more than a scintilla of evidence exists to support it. *See id.* In reviewing a challenge to the factual sufficiency of the evidence, "we examine all of the evidence and set aside a finding only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.*

We do not review a trial court's conclusions of law for factual sufficiency, but rather we evaluate the trial court's legal conclusions independently to determine whether the trial court correctly drew such legal conclusions from the facts. *See id.*

## APPLICABLE LAW

In the divorce decree, the trial court ordered and appointed appellant and Leslie joint managing conservators of their two minor children. Section 156.202 of the Texas Family Code allows the trial court to modify the terms and conditions of a joint managing conservatorship order if:

> (1)(A) the circumstances of the child or of one or both of the joint managing conservators have materially and substantially changed since the rendition of the order; or

(B) the order has become unworkable or inappropriate under existing circumstances; and

(2) a modification of the terms and conditions of the order would be a positive improvement for and in the best interest of the child.

TEX. FAM.CODE ANN. § 156.202 (Vernon 1996); *see A.D.H.*, 979 S.W.2d at 447.

Section 154.011 provides a trial court "may not render an order that conditions the payment of child support on whether a managing conservator allows a possessory conservator to have possession of or access to a child." TEX. FAM.CODE ANN. § 154.011 (Vernon 1996).

## DISCUSSION

■ Although the $38,000 awarded by the trial court to Leslie in the divorce decree and modification order was for attorney's fees and other costs, the trial court also noted in the divorce decree the "judgment" was necessary to assist Leslie "to support and care for the minor children." Therefore, we construe the $38,000 judgment as constituting an award of child support, thereby invoking the provisions of section 154.011. *See In re J.G.Z., J.N.Z., & J.B.Z., Minor Children*, 963 S.W.2d 144, 148 (Tex.App.-Texarkana 1998, no pet.) (noting the monetary award was "actually a child support order" despite the trial court's use of the word "judgment").

■ In the modification order, the trial court ordered the release and lifting of the domicile restrictions "during any period that there is a deficiency" in appellant's payment of the $38,000 child support judgment to Leslie. Leslie argues in her brief the modification order does not completely deny appellant possession of or visitation with their two minor children. Leslie correctly notes the modification order includes the standard visitation and possession provisions of section 153.313 with respect to a conservator residing more than one hundred miles from the child's primary residence. *See* TEX. FAM.

CODE ANN. § 153.313 (Vernon 1996). Leslie thus contends appellant would not be absolutely precluded from visiting with or having possession of their two minor children in the event she relocated outside of Dallas or Collin counties. According to Leslie, appellant's argument that the modification order violates section 154.011 is "disingenuous at best."

However, the modification order does condition continued enforcement of the domicile restrictions contained in the divorce decree on appellant's payment of the $38,000 child support judgment. Although appellant would retain certain possession rights over the children as provided by the family code if the domicile restrictions were lifted and Leslie moved with the children beyond one hundred miles of appellant's residence, such rights would obviously differ substantially from the domicile restrictions previously agreed to in the divorce decree.

■ An order which makes one parent's visitation rights with the child contingent upon their timely payment of child support is "coercive" and "operatively null and void." *See Gani v. Gani*, 500 S.W.2d 254, 255-56 (Tex.Civ.App.-Texarkana 1973, no writ). In the instant case, the trial court's modification order makes appellant's rights to possession of the children under the terms and conditions of the divorce decree and the domicile restrictions contingent upon payment of the child support judgment.

We believe the rule set forth in *Gani* is applicable to the particular facts and circumstances of this case. *See id.* Therefore, we conclude section 154.011 prohibits the trial court from rendering an order which provides for the release of the domicile restrictions imposed by the divorce decree on Leslie and the children in the event appellant is deficient in the payment of the $38,000 child support judgment. *See* TEX. FAM.CODE ANN. § 154.011 (Vernon 1996).

In addition, based on our examination of the record, we conclude there is no evidence the modification of the terms and conditions of the domicile restrictions would be a positive improvement for and in the best interests of the children. *See id.* § 156.202(2). Leslie herself testified she had secured employment in the Dallas–Fort Worth area and had no immediate plans of relocating to California. The record establishes Leslie received financial support from her parents, who reside in California, and there was no evidence such assistance would be discontinued if Leslie remained in Texas. Leslie basically argued the domicile restriction should have been lifted to allow her to relocate with the children without enduring the time and cost of securing the trial court's permission at a later date.

Although the trial court entered findings of fact which provided the modification of the domicile restrictions in the divorce decree would be a positive improvement for and in the best interest of the children, we conclude the record does not support such a finding. Leslie's purported reasons for requesting the release of the domicile restrictions and the evidence in the record reflect her desire to be able to freely relocate her residence in the future, rather than due to present exigent circumstances affecting herself or the children. Therefore, we conclude the evidence is legally and factually insufficient to support the trial court's finding the modification of the domicile restriction provision was a positive improvement for and in the best interests of the children. *See id.; Rapp Collins Worldwide,* 982 S.W.2d at 481.

## CONCLUSION

We conclude the trial court abused its discretion in modifying the terms and conditions of the domicile restrictions contained in the divorce decree. Therefore, we sustain appellant's first point of error, reverse the trial court's judgment, and remand this cause to the trial court for proceedings consistent with this opinion. Because of our disposition of appellant's first point of error, we need not address the remaining points of error. *See* TEX.R.APP. P. 47.1.