NO. 12-03-00262-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
IN THE INTEREST                                          §                 APPEAL FROM THE 
 
OF J.D.C.,                                                           §                 COUNTY COURT AT LAW
 
A CHILD                                                            §                 CHEROKEE COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Gary M. Clark, an inmate proceeding pro se, appeals the trial court’s order modifying the
parent-child relationship. Clark raises six issues on appeal. We reverse and remand.
 
Background
            Clark and Lisa Ann Satterwhite were married on March 31, 1991. On October 25, 1995,
Clark was convicted of sexual assault of a child and sentenced to imprisonment for twenty years. 
On May 30, 1996, Clark and Satterwhite’s child, J.D.C., was born. 
            On November 14, 1997, Satterwhite filed her original petition for divorce in the County
Court at Law of Cherokee County, Texas. The trial court signed the final divorce decree on January
16, 1998. Pursuant to the final divorce decree, Satterwhite was appointed sole managing conservator
of J.D.C., while Clark was appointed possessory conservator of J.D.C. Clark was awarded visitation
with J.D.C. in accordance with a standard possession order.


 Clark was further ordered to pay two
hundred dollars per month in child support, with the first payment due the thirtieth day after Clark
is released from prison. Moreover, Clark was ordered to provide health insurance for J.D.C.
            On October 30, 2002, Satterwhite filed a petition to modify the parent-child relationship. 
By her petition, Satterwhite sought to modify the accrual date of Clark’s child support obligation and
deny Clark’s visitation rights or otherwise restrict them by requiring that Clark be supervised during
any visitation. On May 14, 2003, the trial court signed an order modifying Clark’s child support
obligation by ordering that child support begin to accrue as of November 1, 2002. The trial court
vacated its previous orders concerning Clark’s visitation rights and, by way of its new order,
provided for restricted access to J.D.C. at Kids Connection in Tyler, Texas. The new order also
provided that Clark’s visitation with J.D.C. be supervised and, further, that Clark be required to give
Satterwhite at least forty-eight hours advance notice of his intent to exercise his visitation rights. 
Clark timely filed this appeal.
 
Subject Matter Jurisdiction
            In his first issue, Clark argues that the trial court lacked subject matter jurisdiction over the
instant case and erred in failing to rule on Clark’s pleading, in which he questioned the court’s
jurisdiction. Clark further argues that the trial court erred by failing to rule on his affirmative
defenses. Moreover, Clark argues that the trial court erred in not granting summary judgment.
            As to Clark’s contentions that the trial court failed to rule on matters he brought before it,
such is not the case. In its findings of fact and conclusions of law, the trial court found that it has
jurisdiction of the instant case and of all parties and, further, that no other court has continuing,
exclusive jurisdiction of the instant case. Moreover, by proceeding to trial, the trial court implicitly
denied all of Clark’s motions, requests, and affirmative defenses. See, e.g., In re Z.L.T., 124 S.W.3d
163, 165 (Tex. 2003) (By proceeding to trial without issuing the bench warrant the appellant had
requested, it is clear that the trial court implicitly denied the appellant’s request). Finally, we cannot
conclude that the trial court erred in not granting summary judgment in Clark’s favor inasmuch as
there is no indication in the record that Clark filed a motion for summary judgment. See Tex. R.
Civ. P. 166a(a).
            Similarly, Clark’s contention that the trial court lacked subject matter jurisdiction is without
merit. A court with continuing, exclusive jurisdiction retains such jurisdiction of the parties and may
modify an order that provides for the conservatorship, support, or possession of and access to a child. 
See Tex. Fam. Code Ann. §§ 155.002, 156.001 (Vernon 2002). A court acquires continuing,
exclusive jurisdiction over the matters provided for in the Texas Family Code in connection with a
child on the rendition of a final order. See Tex. Fam. Code Ann. § 155.001(a) (Vernon 2002). The
record reflects that the trial court that signed the order from which this appeal arises is the same court
that signed the final divorce decree that ended Clark and Satterwhite’s marriage and set forth the
parameters for the conservatorship, possession, and support of J.D.C. Therefore, since the final
divorce decree signed by the trial court was a matter provided for by the Texas Family Code in
connection with J.D.C., the trial court retained continuing, exclusive jurisdiction to modify the
provisions of its order relating to J.D.C.’s conservatorship, support, or possession. Clark’s first issue
is overruled.
 
Access to Courts
            In his second issue, Clark argues that the trial court erred in not allowing him to participate
in proceedings by appearing in person or by other means.


 Specifically, Clark argues that even
though he timely submitted a motion for a bench warrant, the trial court failed to rule on his requests
and never provided any alternative means of participation for him. We review the trial court’s denial
of Clark’s request for a bench warrant for abuse of discretion. See Pedraza v. Crossroads Sec. Sys.,
960 S.W.2d 339, 342 (Tex. App.–Corpus Christi 1997, no pet.). 
            It is well established that litigants cannot be denied access to the courts simply because they
are inmates. See Z.L.T., 124 S.W.3d at 165 (citing Hudson v. Palmer, 468 U.S. 517, 523, 104 S.
Ct. 3194, 82 L. Ed. 2d 393 (1984)). However, an inmate does not have an absolute right to appear
in person in every court proceeding. Z.L.T., 124 S.W.3d at 165. Instead, the inmate’s right of access
to the courts must be weighed against the protection of our correctional system’s integrity. Id. 
Following the Seventh Circuit’s decision in Stone v. Morris, 546 F.2d 730, 735-36 (5th Cir. 1976),
Texas courts have recognized a variety of factors that trial courts should consider when deciding
whether to grant an inmate’s request for a bench warrant. Z.L.T., 124 S.W.3d at 165. These factors
include (1) the cost and inconvenience of transporting the prisoner to the courtroom, (2) the security
risk the prisoner presents to the court and public, (3) whether the prisoner’s claims are substantial,
(4) whether the matter’s resolution can reasonably be delayed until the prisoner’s release, (5) whether
the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively
presented by deposition, telephone, or some other means, (6) whether the prisoner’s presence is
important in judging his demeanor and credibility, (7) whether the trial is to the court or a jury, and
(8) the prisoner’s probability of success on the merits. See id. at 165-66.
            Yet, in general, the rules of appellate procedure place the burden on litigants to identify with
sufficient specificity the grounds for a ruling they seek. Id. at 166; see also Tex. R. Civ. P. 21; Tex.
R. App. P. 33.1(a)(1)(A). A litigant’s status as an inmate does not alter such a burden. See Z.L.T.,
124 S.W.3d at 166. The central issue is the trial court’s responsibility to independently inquire into
relevant facts not provided by the moving party. Id.  
            Here, Clark’s request for a bench warrant included no information by which the trial court
could assess the necessity of his appearance. Although Clark listed the Stone factors in his request,
he failed to provide any factual information showing why his interest in appearing outweighed the
impact on the correctional system. Clark bore the burden to establish his right to relief. Z.L.T., 124
S.W.3d at 166; Shul v. United Parcel Serv., 4 S.W.3d 46, 52-53 (Tex. App.–San Antonio 1999, pet.
denied). Clark did not meet his burden. Therefore, the trial court did not abuse its discretion by
overruling his request for a bench warrant. Clark’s second issue is overruled.
 
Modification of Child Support
            In his third issue, Clark argues that the evidence was neither legally nor factually sufficient
to support the trial court’s order modifying child support. We review a trial court's decision to grant
or deny a motion to modify child support payments under an abuse of discretion standard. See
Hoffman v. Hoffman, 805 S.W.2d 848, 851 (Tex. App.–Corpus Christi 1991, writ denied). A trial
court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without
reference to any guiding principles. See In re A.D.H., 979 S.W.2d 445, 446 (Tex. App.–Beaumont
1998, no pet.) (citing Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.1991)). Under
the abuse of discretion standard, legal and factual sufficiency of the evidence, although not
independent grounds for asserting error, are relevant factors in assessing whether the trial court
abused its discretion. See Seidel v. Seidel, 10 S.W.3d 365, 368 (Tex. App.–Dallas 1999, no pet.). 
Findings of fact entered in a case tried to a court are of the same force and dignity as a jury’s verdict
upon special issues. Id. Therefore, we apply the same standards in reviewing the legal and factual
sufficiency of the evidence supporting the trial court's fact findings as we do when reviewing the
legal and factual sufficiency of the evidence supporting a jury's answer to a special issue. Id. (citing
Rapp Collins Worldwide, Inc. v. Mohr, 982 S.W.2d 478, 481 (Tex. App.–Dallas 1998, no pet.)).
            In reviewing the legal sufficiency of the evidence, we view the evidence in the light most
favorable to the finding, considering only the evidence and inferences that support the finding, and
disregarding all evidence and inferences to the contrary. Id. We will uphold the trial court's finding
if more than a scintilla of evidence exists to support it. Id. In reviewing a challenge to the factual
sufficiency of the evidence, “we examine all of the evidence and set aside a finding only if it is so
against the great weight and preponderance of the evidence that it is clearly wrong and unjust.” Id. 
We do not review a trial court’s conclusions of law for factual sufficiency, but rather we evaluate
the trial court’s legal conclusions independently to determine whether the trial court correctly drew
such legal conclusions from the facts. Id.
            A trial court may modify an order that provides for the support of a child if the circumstances
of the child or a person affected by the order have materially and substantially changed since the date
of the order’s rendition. See Tex. Fam. Code Ann. § 156.401(a)(1) (Vernon 2002). Proof of change
of circumstance warranting modification of a child support order must not be merely of change, but
of material and substantial change. See Cannon v. Cannon, 646 S.W.2d 295, 296 (Tex. App.–Tyler 
1983, no writ). The burden to prove such a material and substantial change in circumstances by a
preponderance of the evidence rests upon the movant. Id.
            In the case at hand, in its findings of fact, the trial court found that the circumstances of the
child, a conservator, or other party affected by the order have materially and substantially changed
since the date of rendition of the order to be modified. At the hearing on her motion to modify, with
reference to the issue of child support, Satterwhite testified that she was not represented by an
attorney at the time the final divorce decree was entered and that it was her understanding at that
time that because Clark was incarcerated, she could not ask that child support accrue during the
period of his incarceration. Satterwhite has cited no authority, nor are we aware of any such
authority, supporting the proposition that a movant’s realization that she is entitled to greater relief
under the law than she was originally granted under an order in a suit affecting the parent-child
relationship amounts to sufficient change in circumstances to warrant modification of that order
under the family code. While the trial court is afforded great discretion to modify a child support
order, it abuses such discretion when its factual finding as to material and substantial change in
circumstance is not supported by legally sufficient evidence. See Seidel, 10 S.W.3d at 368. We
conclude that the evidence of record in the instant case does not support that there existed a material
and substantial change in circumstances of the child, a conservator, or other party affected by the
court’s order. Therefore, we hold that the trial court abused its discretion in modifying Clark’s child
support obligation. Clark’s third issue is sustained.



 
Disposition
            Having sustained Clark’s third issue, we reverse the trial court’s order in suit to modify
parent-child relationship signed on May 14, 2003 and remand the cause to the trial court for further
consideration consistent with this opinion.
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered January 19, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(PUBLISH)