Opinion issued December 15, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00379-CV




BRENDA KAY STANFIELD, Appellant

V.

ROBERT BERRY STANFIELD, Appellee




On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 19308*RH02



 
MEMORANDUM OPINION

          Brenda Stanfield filed for divorce from her husband, Robert Stanfield, and the
trial court granted the divorce. Seven months later, Brenda filed a motion to modify
child support and Robert filed a cross-petition. After two hearings, the court entered
an order modifying child support. Brenda filed a motion to reconsider, arguing that
the trial court failed to follow the child support guidelines in the Family Code in
setting the child support payments. The trial court denied the motion and Brenda
appealed.
          In four points of error, Brenda argues that (1) the trial court failed to properly
follow the child support guidelines in setting the child support payments, (2) the trial
court failed to make all of the findings required by the Family Code, and (3) the
evidence was insufficient to support certain findings by the trial court.
          We affirm.
Background
           Brenda Stanfield, appellant, and Robert Stanfield, appellee, divorced on
August 11, 2003. The trial court based the court decree on the parties’ settlement
agreement, including setting child support for their two daughters at $600.00 per
month. This amount was below the standard recommended amount under the child
support guidelines in the Family Code. Seven months later, Brenda filed a motion to
modify child support, asking the court to increase the child support payments—based
on the child support guidelines—based on Robert’s increased salary. Robert filed a
response and a cross-petition requesting that Brenda be ordered to pay child support
to him. After two hearings, the court granted Brenda’s motion, but did not follow the
guidelines in setting the new child support amount. Instead, the trial court created a
ratio based on Robert’s salary at the time of the agreed order and the amount of child
support set in that order. The court then applied this ratio to Robert’s new salary to
arrive at the new child support amount. Brenda filed a motion to reconsider, which
the trial court denied.Child Support Guidelines
          In her first and third points of error, Brenda argues that the trial court erred in
not following the child support guidelines in setting the child support payments.
A.     Standard of Review
          A trial court’s child support order will not be reversed on appeal unless there
is a clear abuse of discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990);
McGuire v. McGuire, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no
pet.). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or
without reference to guiding rules and principles. McGuire, 4 S.W.3d at 384. The
reviewing court must view the evidence in the light most favorable to the trial court’s
actions and indulge every legal presumption in favor of the order. Id. 
B.      Analysis
          In modifying the child support payments, the trial court created a ratio based
on the father’s original salary and the original order’s child support obligation and
applied that ratio to the father’s new salary. Brenda correctly argues that the trial
court did not follow the child support guidelines in setting the child support
obligations. Nevertheless, in modifying child support orders, the trial court’s use of
the percentage guidelines is discretionary, not mandatory. Tex. Fam. Code Ann.
§ 156.402(b) (Vernon 2002); Friermood v. Friermood, 25 S.W.3d 758, 760 (Tex.
App.—Houston [14th Dist.] 2000, no pet.); Escue v. Escue, 810 S.W.2d 845, 848
(Tex. App.—Texarkana 1991, no writ). We cannot say that the trial abused its
discretion in calculating the amount of child support in the new order in proportion
to the original order, which complied with the parties mediated settlement agreement.
          Brenda also complains that the order required a reduction in payments
obligations when their first daughter turned 18. Brenda argues that the parties’
original agreement never contained such a reduction and the trial court erred by
inserting it now. However, the Family Code sets out the circumstances when child
support obligations end, and the trial court tracked this language in the order. Tex.
Fam. Code Ann. § 154.001 (Vernon Supp. 2005).
          We overrule appellant’s first and third points of error.
Insufficient Findings
          In her fourth point of error, Brenda argues that the trial court erred in failing
to make all of the findings required by law. Specifically, Brenda complains that the
trial court failed to state (1) the monthly net resources of the obligee, (2) the
percentage of the obligor’s net resources that were applied to child support, (3) that
the application of the child support guidelines would be unjust or inappropriate, and
(4) the reasons for varying from the guidelines.
          When a child support order varies from the guidelines, the trial court is
required to make specified findings of fact and conclusions of law. Tex. Fam. Code
Ann. § 154.130 (Vernon 2002); Hanna v. Hanna, 813 S.W.2d 626, 627–28 (Tex.
App.—Houston [1st Dist.] 1991, no writ). When the trial court fails to make the
required findings, harm is presumed unless the record expressly reflects otherwise. 
Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996). Error is harmful if it prevents an
appellant from properly presenting a case to the appellate court. Id. 
          For the first item, while the trial court did not expressly state Brenda’s net
monthly resources, it did state her income. It is reasonable to presume that the trial
court found this to be her entire source of resources. The second item, which Brenda
argues was missing, is in the findings of fact. The trial court applied a ratio from
Robert’s original salary and child support obligation to develop the new child support
obligation. This ratio, multiplied by 100, is the percentage required under the
guidelines. 
          With respect to items three and four, while the trial court did not use the precise
words “unjust or inappropriate” in the findings of fact and conclusions of law, the
court did explain its variation from the guidelines in the following manner. In the
findings of fact, the court explained that it awarded the amount to the obligee “by
applying the same factor previously agreed to by and between the parties.” 
Moreover, in the conclusions of law, the trial court reiterated that the variance from
the guidelines was based on the parties’ “prior agreement establishing a level of
support outside the guidelines.” We conclude that the court provided an explanation
sufficiently adequate to properly present a case to an appellate court. Accordingly,
any error was not harmful.
          We overrule appellant’s fourth point of error.
Insufficient Evidence
          In her second point of error, Brenda argues that there was insufficient evidence
or no evidence to support certain findings of fact made by the trial court.
A.      Standard of Review
          A trial court’s child support order will not be reversed on appeal unless there
is a clear abuse of discretion. Worford, 801 S.W.2d at 109; McGuire, 4 S.W.3d at
384. A trial court abuses its discretion when it acts arbitrarily, unreasonably, or
without reference to guiding rules and principles. Id. The reviewing court must view
the evidence in the light most favorable to the trial court’s actions and indulge every
legal presumption in favor of the order. Id. Under the abuse of discretion standard,
the legal and factual sufficiency of the evidence are not independent grounds of error. 
Newberry v. Bohn-Newberry, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.]
2004, no pet.). Rather, they are only factors in assessing whether the trial court
abused its discretion. Id. 
          Findings of fact in a case tried to the court have the same force and dignity as
a jury’s verdict upon special issues. Lee v. Lee, 981 S.W.2d 903, 905 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). Findings of fact are not conclusive,
however, when the record includes a complete statement of facts. Hatteberg v.
Hatteberg, 933 S.W.2d 522, 529 (Tex. App.—Houston [1st Dist.] 1994, no writ).
          In reviewing legal sufficiency or no evidence points of error, we consider only
the evidence and the inferences that, when viewed in their most favorable light, tend
to support the finding and disregard all evidence to the contrary. Sixth RMA Partners,
L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003); Lee, 981 S.W.2d at 906. If there is
more than a scintilla of evidence, the no evidence point fails. Lee, 981 S.W.2d at 906.
          In reviewing factually insufficient points, the court must examine all of the
evidence. Seidel v. Seidel, 10 S.W.3d 365, 368 (Tex. App.—Houston [1st Dist.]
1999, no pet.). An insufficient evidence assignment of error succeeds only if a
finding is so against the great weight and preponderance of the evidence that it is
clearly wrong and manifestly unjust. Id. 
B.      Analysis
          In her challenge to the findings of fact, Brenda argues that the parties, in the
original agreement, never specifically agreed (1) to vary from the child support
guidelines, (2) to set child support based on a certain ratio, or (3) on the amount of
Robert’s net monthly resources. The trial court never made such findings either,
however. Rather, the trial court found that the parties had originally agreed on a child
support amount not related to the child support guidelines. The trial court then
determined Robert’s net monthly resources at that time to be $7,171.58 and
established a ratio based on these findings. Brenda does not dispute the sufficiency
of these findings other than arguing that the parties never agreed to them.
          Brenda challenges two of the conclusions of law, arguing that they were
erroneous because they were based on the findings of fact that she challenged. As we
have found no error with the trial court’s findings of fact, we find no subsequent error
with its conclusions of law.
          We overrule appellant’s second point of error.
 
 
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.