NO. 07-10-0143-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 16, 2011

_____


JAMES WILLIAM KOHUTEK, APPELLANT

v.

SHERI RUTH KOHUTEK,  APPELLEE

_____


FROM THE 85TH DISTRICT COURT OF BRAZOS COUNTY;[1]

NO. 02-001484-CVD-85; HONORABLE J.D. LANGLEY, JUDGE

_____


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant, James William Kohutek, appeals from a judgment entered in favor of

Sheri Ruth Kohutek in a suit affecting the parent-child relationship ("SAPCR"), following

a bench trial.  In support, James presents six issues:  (1)-(4) whether the trial court

---

[1]Originally appealed to the 10th Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* Tex. Gov't Code Ann. § 73.001 (West 2005).  We are unaware of any conflict between precedent of the 10th Court of Appeals and that of this Court on any relevant issue.  *See* Tex. R. App. P. 41.3.

erred by modifying the original divorce decree's provisions related to geographic restrictions, Christmas possession, airline exchanges of the children, and private school attendance when Sheri did not specifically plead for the relief granted; (5) whether the trial court's allocation of travel expenses was fair and equitable; and (6) whether the trial court erred by modifying the decree's provisions related to educational decisions when Sheri did not specifically plead for the relief granted.  We affirm.

## Background

James and Sheri are the parents of two boys ages 14 and 12, Randall and Jonathan, respectively.  In 2003, James and Sheri divorced per the terms of an Agreed Final Divorce Decree.  Under the decree, James and Sheri were appointed joint managing conservators and Sheri was given the exclusive right to establish the primary residence of the children in Brazos County, Texas.[2]  The decree also provided that Christmas holidays would be split between both James and Sheri and that, until graduation, each parent would be responsible for fifty percent of the boys' private school tuition at Brazos Christian School, or another private school by agreement of the parties.  James was also ordered to pay Sheri $1,050 per month in child support.

In March 2008, Sheri filed a *Motion to Modify Parent-Child Relationship and Notice of Hearing.*  The motion indicated that the circumstances of Sheri and the children had materially and substantially changed since the original order issued and she believed the parties would "enter into a written agreement containing provisions for

---

[2]The decree provided that "the parties shall not remove the children from Brazos County, Texas, for the purpose of changing the primary residence of the children until modified by further order of the court of continuing jurisdiction *or by written agreement.*"  (Emphasis added).

2

modification of the order providing for conservatorship of the children (*removing the domicile restriction*)," and "[contain] provisions for modification . . . *providing for possession of and access to the children*." (Emphasis added). She requested that the terms and conditions for access to or possession of the children be modified "[t]o remove the domicile restriction on a temporary basis so that [Sheri] and the children [could] relocate to Alaska for (1) year."

James's *Counterpetition to Modify Parent-Child Relationship* requested that he be appointed joint managing conservator with the exclusive right to determine the children's residence within Brazos County, Texas, have expanded standard periods of possession with the children and have his child support payments decreased. His *Original Answer* was a general denial.

In April 2008, Sheri filed a *Motion for Judge to Confer with Children* requesting that the court confer with the children, both at the final hearing and for the temporary orders, to determine the children's wishes regarding possession and access without the presence of counsel, the parties, or a record being made. She also filed a *First Amended Petition to Modify Parent-Child Relationship* seeking a modification of James's child support obligation.

In May 2008, the trial court issued its *Agreed Temporary Orders* modifying the decree as follows: (1) Sheri was granted a temporary modification of the geographic restriction for one year to permit her to have the exclusive right to designate the primary residence of the children in Anchorage, Alaska; (2) on or before June 15, 2009, Sheri was required to notify James whether she intended to relocate in Texas *or seek a*

3

*permanent (final order) removing the geographical restriction contained in the decree at which time the case would be set for trial in Brazos County;* (3) *the children shall attend either Birchwood Christian Academy or Anchorage Christian School and the provisions of the decree regarding allocation of private school tuition would remain in effect;* (4) James would have possession of the children for the entirety of the Christmas break, December 20, 2008 to January 3, 2009 with Sheri paying the children's round-trip airfare. (Emphasis added).

In May 22, 2009, Sheri's counsel sent a letter to James's counsel indicating that Sheri wanted to extend the Temporary Orders for an additional year before she made a final decision whether she would return to Texas or seek to remain in Alaska. She received no response and, in June, notified James's counsel that she was exercising her option under the Temporary Orders to seek a final order removing the geographic restriction. A final hearing was scheduled for October 22, 2009. Prior to that hearing, Sheri responded to discovery requests from James's counsel although James did not respond to discovery requests from Sheri's counsel.

**Trial**

At trial, Sheri testified that after the divorce in 2003, she was financially strapped, causing her to work long hours in order to make enough to survive. Her schedule caused her to either have someone stay with the boys when she wasn't there or have them accompany her on calls. Because of her schedule, it was difficult for the boys to have their own activities. As a result, she began to consider options other than operating her own veterinary practice. She testified that Brazos County was saturated

4

with veterinarians because of its proximity to the veterinary school at Texas A&M and that there were no job options for her locally.

In 2007, they traveled to Alaska to visit friends. While she was there, she met some veterinarians and, when she returned to Texas, the Alaskan veterinarians offered her a position as a salaried employee working regular hours from 8:00 a.m. to 5:00 p.m. She discussed the opportunity in Alaska with the boys and they were excited about making the change. James did not want the boys to go and, when she sought a temporary order to lift the geographic restriction, James would not agree. Eventually she and James did agree to temporarily lift the geographic restriction for one year. The temporary order gave Sheri the option of seeking a permanent order removing the geographic restriction, and it provided that the boys would attend one of two private schools in Alaska.

During the next year in Alaska, the boys were very happy, relaxed, made straight "A's" in school and were very involved in church and school activities. Their teachers believed the boys had adjusted remarkably well. Sheri was working 8:00 a.m. to 4:00 p.m., no longer on call, had a much better life doing small animal medicine and anticipated long term employment. Her office was only one-half mile from the boys' school.

Sheri and the boys regularly attended church at Anchorage Baptist Temple where the boys were involved in Sunday school and a youth group on Wednesdays. The boys were also involved in hiking, fishing, snowmobiling, skiing, and dog sledding. Sheri testified as to the stress the dispute between her and James was causing the

boys. As a result, Sheri requested that the court remove the Brazos County domicile restriction and give her the exclusive right to make decisions for the boys' education. Sheri also testified that she was willing to terminate James's obligation to pay for private school tuition if he would be responsible for paying airfare for himself or the boys to visit. According to her testimony, one-half of private school costs were $4,725, while the cost of flying both boys to Texas four times a year was approximately $4,000, or $1,000 per trip if tickets were purchased in advance.

James testified he has been employed at a utility company for thirty-two years and was in charge of the electrical equipment at the plant. He works at the utility company from 7:00 a.m. until usually 3:30 p.m. to 5:00 p.m., but he is on call. He indicated he gets calls in the middle of the night and his company works 24/7. At varying points in his testimony, he estimated his income was $80,000 to $85,000 per year.[3] James also owns and operates a foundation repair company which he indicated broke even.

On December 15, 2009, the trial court issued its order granting Sheri's request that she have the exclusive right to designate the primary residence of the children and make decisions regarding the boys' education. The order also provided that James and Sheri would have possession of the children annually on alternating Thanksgiving and Christmas holidays and that James would be responsible for 100% of any travel expenses associated with his possession of the children. Finally, the order relieved James of the obligation to pay one-half of the children's educational expenses, but it

---

[3]Although he received a letter asking for discovery regarding his income, James did not respond.

increased his child support obligation to $1,322 per month. James's motion for new trial was denied after a hearing. On March 5, 2010, by agreement of the parties, the trial court amended provisions of its earlier order pertaining to logistics for the airline transportation of the children.[4] This appeal followed.

## Discussion

James asserts the trial court abused its discretion by modifying the decree's provisions related to geographic restrictions, Christmas possession, private school attendance in Alaska and provisions related to educational decisions when Sheri did not specifically plead for the relief granted. He also questions whether the trial court's allocation of travel expenses was fair and equitable.

### Modification of a SAPCR Order

A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child; Tex. Fam. Code Ann. § 156.001 (West 2008),[5] if modification would be in the best interest of the child and (1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law

---

[4]Although the parties agreement moots James third issue pertaining to airline exchanges, his complaint that Sheri did not specifically plead for that relief would subject to the same analysis and fate as his complaint in issues one, two, four and six.

[5]Throughout the remainder of this opinion, provisions of the Texas Family Code will be cited as "§ ____" or "section ____."

settlement agreement, or (2) the child is at least twelve years of age and has expressed to the court in chambers, as provided in Section 153.009, the name of the person who is the child's preference to have exclusive right to designate the primary residence of the child. *Id.* at § 156.101(a)(1), (2). The Texas Rules of Civil Procedure applicable to the filing of an original proceeding apply to a suit for modification of a SAPCR order. § 156.004. In addition, if a change in residence results in increased expenses for a party having possession or access to a child, the court may also render orders to allocate the increased expenses on a fair and equitable basis, taking into account the cause of the increased expenses and the best interests of the child. § 156.103.

**Standard of Review**

In a SAPCR proceeding, we review a trial court's decision to modify under an abuse of discretion standard. *See Seidel v. Seidel,* 10 S.W.3d 365, 368 (Tex.App.--Dallas 1999, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. *Id.*

**Pleading Requirements**

Texas Rule of Civil Procedure 90 provides that "[e]very defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court . . . . in a non-jury case, *before the judgment is signed*, shall be deemed to have been waived by

the party seeking reversal on such account" except as to any party against whom default judgment is rendered.[6] (Emphasis added). Tex. R. Civ. P. 90.

Here, James failed to object in writing or bring to the attention of the trial court any insufficiency in Sheri's pleadings when Sheri's counsel informed the trial court that Sheri was seeking to modify the decree's provisions related to geographic restrictions, Christmas possession, private school attendance in Alaska or provisions related to educational decisions. He also failed to object at trial when Sheri testified as to the modifications she sought or when the trial court gave its oral pronouncement addressing these issues at the trial's conclusion. Accordingly, James waived his complaints regarding Sheri's lack of adequate pleading. *See Horne v. Harwell,* 533 S.W.2d 450, 451-52 (Tex.Civ.App.--Austin 1976, writ ref'd n.r.e.) (issue waived where no special exception taken to appellee's failure to plead that the circumstances of the child had materially or substantially changed); *Gonzalez v. Gonzalez,* 484 S.W.2d 611, 612-13 (Tex.Civ.App.--El Paso 1972, no writ) (issue waived where no special exception or objection made to appellee's failure to plead the residence requirement in her divorce action).

Furthermore, the jurisdiction of the trial court was properly invoked by Sheri's motion to modify the decree with respect to the custody, control, visitation and possession of the boys. As such, the trial court was "vest[ed] with decretal powers in all relevant custody, control, possession and visitation matters involving the child[ren]."

---

[6]James's motion for a new trial was filed in January after the trial court had issued its oral pronouncement at the bench trial and memorialized its rulings in a written judgment or order nearly a month earlier. The terms of that order were restated in the *Amended Order* signed March 5, 2010.

*Eliason v. Eliason*, 162 S.W.3d 883, 887 (Tex.App.--Dallas 2005, no pet.) (quoting *Liehold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967)). Moreover, although Rule 301 of the Texas Rules of Civil Procedure generally requires a judgment to conform to the pleadings. "Technical rules of practice and pleadings are of little importance in determining issues concerning the custody of children." *Liehold*, 413 S.W.2d at 701. (citing *Conley v. St. Jacques*, 110 S.W.2d 1238, 1242 (Tex.Civ.App.--Amarillo 1937)).

After having heard the bases for Sheri's modification of the decree, James failed to object and participated fully in the trial through argument, testimony and cross-examination. Therefore, it is of no legal consequence whether Sheri pled that she be given all the rights that she ultimately received. *See Liehold,* 413 S.W.2d at 701. *See also* Tex. R. Civ. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings.") *Mayo v. Hall,* 571 S.W.2d 213, 215 (Tex.Civ.App.--Waco 1978, no writ) (issues as to modification of visitation and support tried by both express and implied consent of the parties). Accordingly, under these circumstances, we cannot say that the trial court abused its discretion in granting Sheri the modifications she requested. Issues one, two, four and six are overruled.

**Travel Expenses**

The only evidence at trial on the issue of whether the decree should be modified to make Sheri entirely responsible for paying the boys' private school expenses and James responsible for all travel expenses was Sheri's testimony indicating that one-half of private school tuition was $4,725 while the cost of flying both boys to Texas four

times a year was approximately $4,000. At trial, James did not counter or object to Sheri's estimate that the boys would make four trips to Texas a year[7] or offer any evidence of the frequency with which he intended to visit Alaska or have the boys come to Texas. Neither did he present any alternative evidence to Sheri's estimate of the cost of airlines tickets at the bench trial.[8] Under the circumstances, we cannot say that the trial court's modification was arbitrary, unreasonable or without reference to guiding principles in making the modification. Issue five is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

---

[7]Sheri's estimate assumed that James would exercise his right to have the boys visit Texas for Thanksgiving or Christmas each year, Easter vacation, forty-two days of summer possession and an additional long weekend. The evidence at trial, however, indicated there were long periods in which James did not exercise his right to possession and once exercised his right to summer possession of only two weeks. In 2008, the boys visited James in Texas during Easter vacation and, in 2009, spent two weeks in the summer with him in Texas in addition to another visit. In 2009, James also visited the boys in Alaska.

[8]In his appellate brief, we note that James's recitation of the facts contains one or more statements of fact which are outside the record and not supported by the evidence presented at trial. An appellate court may not consider matters, or information, outside the record. *See In re M.S.*, 115 S.W.3d 534, 546 (Tex. 2003) ("this Court - or any appellate court - may only consider the record presented to it"); *In re: Allstate Ins. Co.*, 232 S.W.3d 340, 343 (Tex.App.--Tyler 2007, no pet.) ("our review is limited to the record as it existed before the trial court at the time it made its decision"); *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex.App.--El Paso 1995, no writ).

11